### DON LONG V. STATE.

No. 30,074. November 19, 1958.
Motion for Rehearing Overruled January 14, 1959.

*Yelderman & Martin,* Austin, for appellant.

*Raymond Thornton,* District Attorney, Belton, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is passing as true a forged instrument; the punishment, three years.

Boyd, a resident of Belton, employed itinerant exterminator Miller to rid him of his household worries and gave Miller a check in an appropriate amount for his services, but denied that he had executed the check which constitutes the basis for this prosecution.

Miller, a confessed principal to the instant forgery, testified that his friend, the appellant, was also in Belton on the day in question but had no contact with Boyd, that after he secured Boyd's genuine check he and the appellant repaired to a motel where they traced Boyd's signature onto another check in the sum of $925.40 and made the same payable to the appellant. He stated that they parted company for a short while, that the appellant returned with the cash from the check which they split between them, that he then cashed the genuine check and the two of them proceeded to San Antonio.

Dan Lord (not to be confused with Don Long, the appellant), assistant cashier of the Peoples National Bank of Belton, testified that after he returned from lunch on the day in question the appellant appeared at his cage, presented and cashed the $926.40 check on Boyd's account.

Appellant was later apprehended in San Antonio after some delay and after his wife, at his direction, told the officers that no such man as the appellant lived at their address.

Appellant and his witnesses testified as to an alibi.

We shall discuss the contentions advanced by able counsel in their brief.

It is first contended that Miller's testimony was not corroborated sufficiently in order to support this conviction. He concedes that Dan Lord's testimony established that the appellant passed to him the check set forth in the indictment and which was shown to be a forgery, but contends that it became incumbent upon the state to corroborate the remainder of Miller's testimony, such as the visit to the motel and the division of the proceeds of the forged check. Reliance is had upon some of the phraseology contained in the opinion of this court in Almazan

v. State, 140 Texas Cr. Rep. 432, 145 S.W. 2d 576. The holding in Almazan, as we see it, goes no further than McInnis v. State, 122 Texas Cr. Rep. 128, 54 S.W. 2d 96, opinion by Judge Hawkins and quoted in Almazan as follows:

"Evidence which corroborates the accomplice witnesses only on immaterial facts is not sufficient. To meet the requirements of the statute it must be as to some criminiative fact which tends to connect accused with the commission of the offense charged."

Recently, in Roberd v. State, 161 Texas Cr. Rep. 188, 276 S.W. 2d 270, we had occasion to cite Almazan with approval and hold that the testimony of Simpson as to suspicious circumstances discovered by him on June 2 did not corroborate the accomplice as to what he claimed occurred on May 13.

None of the above authorities calls for a reversal of the instant conviction. It must be remembered that in the case at bar, independent of the testimony of the accomplice, we have conclusive proof that the check was a forgery and that the appellant passed it, which under the holding of this court in Blount v. State, 138 Texas Cr. Rep. 539, 137 S.W. 2d 1028, would be sufficient, if we followed the same. Be that as it may, the accomplice testimony showed that the appellant knew it to be forged at the time he passed it. Evidence that the appellant concealed himself at a time when the officers came to his home following the forgery would be a criminative fact tending to connect him with the act for which they sought to apprehend him.

We overrule appellant's contention that it becomes incumbent upon the state to refute the testimony of the alibi witnesses. There was a conflict between their testimony and Lord's which the jury, under appropriate instructions, decided adversely to the appellant.

We find in the record a purported copy of a statement of facts on motion for new trial approved by the trial judge long. after the expiration of the statutory 90 days allowed for filing the same, which has not been filed in the trial court and which we cannot consider.

Finding no reversible error, the judgment of the trial court is affirmed.