**Carl Emory SIDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34579.**

Court of Criminal Appeals of Texas.

May 9, 1962.

Rehearing Denied June 20, 1962.

James E. Barlow, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is knowingly passing as true a forged instrument; the punishment, confinement in the penitentiary for three years.

Mary Nell Harkey, assistant cashier at the First National Bank in Eldorado, testified that appellant presented a check in the amount of $2690.00 on October 26, 1960; that the check was drawn upon the account of Mrs. D. C. Williams and purportedly signed by her; that she took the check to J. E. Hill, the bank president, who authorized acceptance, and the check, which she identified as State's Exhibit #1, was honored and paid.

Mrs. D. C. Williams, the injured party, testified that she signed and gave appellant a check in the amount of $25 on the night of October 25, 1960, for work performed by him upon fire extinguishers located in her home; that she next saw appellant

the following morning when he came back to her home and stated, "I wanted to come back and check over and see if everything was all right"; that she did not sign any check at this meeting; that Mrs. George Gandy was present during appellant's visit; that she never received a phone call from Mr. Hill concerning a check in the amount of $2690.00. Mrs. Williams denied making a check payable to appellant in the amount of $2,690.00 and also denied ever signing a check made payable to him in that amount. She further testified that the signature on State's Exhibit #1 was not hers and she identified State's Exhibit #2 as 14 checks on which her regular signature appeared.

Mrs. George Gandy testified that she was with the injured party the entire length of appellant's visit on October 26 and that Mrs. Williams never signed a check during this period.

Paul W. Hanson, a questioned document examiner in the Identification and Criminal Records Division of the Department of Public Safety, testified that in his opinion " * * * the signature in the name of Mrs. D. C. Williams on State's Exhibit No. 1 was not written by the person who wrote the name of Mrs. D. C. Williams on the various checks in State's Exhibit No. 2."

J. E. Hill, President of the First National Bank in Eldorado, was called as a witness by appellant and testified that around 10 A.M. on October 26, 1960, appellant presented a check to him seeking his approval in order to get it cashed; that he noticed a discrepancy on the face of the check in the description of the amount for which it was written; that he obtained Mrs. Williams's phone number from the telephone book and rang her; that a woman answered and he said "Mrs. Williams," to which the woman replied, "Yes Sir"; that he asked her what was the correct amount of the check and she replied $2690.00; that he typed a corrected check in the amount of $2690.00 and told appellant to secure the

injured party's signature thereon; that some hour and a half later appellant again appeared and the check was cashed. The witness identified State's Exhibit #1 as the check which he prepared.

Mrs. S. P. Mater, mother of appellant, testified that her son spent most of his time with her at her home in San Antonio and that he had not been convicted of a felony in this or any other State.

Appellant, testifying as a witness in his own behalf, stated that he had never been convicted of a felony; that he received a check from the injured party in the amount of $2690.00; that Mr. Hill made out a different check and he took it back to Mrs. Williams's home where she affixed her signature thereto; that Mrs. Gandy was not present when the signing of the corrected check transpired; that he did not sign her name to any check; that he tore the first check up and threw it away. He further testified that he had never received a check in the amount of $25.

■ The jury resolved the disputed issue of appellant's guilt against him and we find the evidence sufficient to sustain their verdict.

No formal bills of exception nor objections to the court's charge appear in the record.

Appellant contends that the trial court erred in admitting, over his objection, State's Exhibit #2 on the ground that the checks introduced injected religion as a collateral matter in the cause.

Part of the checks were made payable to various religious groups and organizations, while others were made payable to private individuals.

■ An essential element of the offense of passing a forged instrument is the forgery itself. Tarwater v. State, 160 Tex. Cr.R. 59, 267 S.W.2d 410. The checks served as a standard of comparison in determining whether State's Exhibit #1 was

a forgery. We find no merit in appellant's contention.

No reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant insists that the evidence is insufficient to sustain the conviction because it fails to show he had knowledge that the check in question was forged, which is an essential element of the offense of passing a forged instrument.

The facts as set out in our original opinion show that the check in question was delivered to appellant by the bank president, J. E. Hill, with instructions that he obtain Mrs. Williams's signature thereon, and that some hour and a half later appellant appeared at the bank with the check purportedly signed by "Mrs. D. C. Williams" and cashed the same. Mrs. Williams positively denied that she signed the check. Appellant swore that she did sign it. The jury by their verdict resolved the dispute in the testimony against appellant, and the evidence is sufficient to sustain their finding that appellant knew the instrument was forged. See: Blount v. State, 138 Tex. Cr.R. 539, 137 S.W.2d 1028, and Long v. State, Tex.Cr.App., 319 S.W.2d 103.

We have again considered appellant's contention that the court erred in admitting State's Exhibit No. 2 in evidence over his objection that the checks introduced injected religion in the case. While some of the checks which were signed by Mrs. Williams were made payable to religious organizations, some were made payable to private individuals. The checks, as stated in our original opinion, were admissible to serve as a comparison in determining the issue of whether the check in question was a forgery. We again overrule the contention.

The motion for rehearing is overruled.

Opinion approved by the Court.