**John J. SCHNELLBACHER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36752.**

Court of Criminal Appeals of Texas.

Oct. 21, 1964.

Rehearing Denied Dec. 2, 1964.

Clyde W. Woody, Houston, for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., Carl E. F. Dailly and Gus J. Zgourides, Asst. Dist. Attys., Houston, Byron McClellan, Dist. Atty., Gatesville, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is forgery; the punishment, 5 years.

The indictment alleged the forgery of a cashier's check in the sum of $666.67, dated November 22, 1960, drawn in favor of Benjamin Shelton, by writing on the back the name of the payee so as to make it appear as an endorsement of said check.

The evidence shows that the appellant was attorney for the administrator and had joint control of funds of the estate of Mary H. Hogan, deceased.

Benjamin Shelton was an heir who was entitled to one twenty-fourth of the estate.

On November 22, 1960, thirty-six cashier's checks totaling $16,000.00 were issued by The Texas National Bank in Houston payable to heirs of the estate. One of these was the cashier's check set out in the indictment payable to the order of Benjamin Shelton.

Benjamin Shelton, the payee in the check, testified that he did not endorse the cashier's check or authorize it; had never seen it before the trial and had received nothing from the estate. Charles T. Gray, an accomplice witness, testified that he wrote the name Benjamin Shelton on the back of the check at the request of the appellant, in his presence, early in May 1962 and he left the check with the appellant.

Testifying in his own behalf the appellant denied that he requested Charles T. Gray to endorse the name of the payee on the back of the cashier's check and denied that Gray *endorsed the check in his presence.*

After banking hours on May 16, 1962, the cashier's check was presented at the Southern State Bank in South Houston, the appellant being present.

The transaction was handled by appellant's friend George R. Oliphant, then a Vice President of the bank, who testified that he could not recall the specific details.

The appellant testified that he delivered the cashier's check to a person who identified himself as Benjamin Shelton, missing heir; that he met this man at the Southern State Bank after hours where Mr. Oliphant paid the check with six one-hundred dollar bills, six ten-dollar bills, six one-dollar bills, six quarters, one dime, one nickel and two pennies.

The records of the bank revealed that $39.16 was deducted from a $100 deposit to appellant's account; that $700 was paid on the principal of appellant's $1000 note, plus $5.83 interest, and that there was no other transaction in the specific amount of $666.67 handled in the Loan and Discount Department of the Southern State Bank on May 17, 1962, other than the cashier's check in that amount.

The check was introduced in evidence. It bears the stamp of the Loan and Discount Department where payments on loans are handled.

The jury was warranted in concluding that the appellant appropriated the cashier's check and used it in making a payment on his note to the bank.

The jury was also warranted in rejecting the appellant's claim that he delivered the check to an alcoholic claiming to be the heir Benjamin Shelton, and in finding that the accomplice witness Gray forged the name of the payee on the check at the instance and request of the appellant.

The sufficiency of the circumstantial evidence to corroborate the testimony of Charles Gray that he forged the endorsement, and that the appellant was a principal in such forgery, is challenged.

The circumstances relied upon by the state, which tend to connect the appellant with the forgery, include the following:

The $666.67 cashier's check showed to have been handled by the Loan and Discount Department of the Southern State Bank. No other item of that amount was so handled the day the appellant made a payment of $705.83 on his $1000 note and interest that was due. The amount of the cashier's check plus the $39.16 deducted from his $100 deposit total $705.83.

Evidence was introduced showing that the name Benjamin Shelton, on the back of the cashier's check, was in the handwriting of the accomplice Gray.

There was similar evidence to support the testimony of the accomplice witness Gray that he forged the name Benjamin Shelton on a $1,666.68 cashier's check dated May 24, 1962, representing another disbursement to the heir, which check the appellant took to the Southern State Bank and presented to Mr. Oliphant to be applied on appellant's indebtedness in the sum of $3300. It was, according to appellant's friend Mr. Oliphant, taken to the Loan and Discount Department and stamped after a discussion concerning the appellant endorsing it. He was not required to endorse this check because he was a good customer of the bank and said that for income tax reasons he did not want to endorse it. Later that same day the appellant retrieved the check before the bookkeeping entries were made to apply it as a payment on appellant's indebtedness. This check was later cashed by a lady friend of accomplice Gray. It was introduced in evidence and shows, as does the testimony of Mr. Oliphant, that the stamp of the Loan and Discount Department had been "partially eradicated."

The appellant denied having had such a conversation or transaction.

The accomplice witness Gray testified that he signed the name Benjamin Shelton to the affidavit identifying the affiant as the heir of that name, and to the receipt purporting to be the receipt of the heir for the $666.67 cashier's check, and that he wrote the post card purporting to be from the heir to the appellant mailed at Dearborn, Michigan July 30, 1962, all of which were written at the request of the appellant.

Testimony of handwriting experts corroborated the accomplice's testimony that he wrote the names and writings mentioned.

Benjamin Shelton testified that he did not write the card and it was shown that the address given on the card was fictitious.

The appellant admitted that the Benjamin Shelton who testified at the trial was not the man to whom he claimed to have delivered the check. He failed to produce another Benjamin Shelton.

Mr. Oliphant testified that he had no recollection of any other person being present when the appellant came to the bank after hours on May 16, 1962, and made a $700 payment on his note; and no recollection of appellant having placed cash before him, as appellant claimed. The fact that the cashier's check was handled in the Loan and Discount Department refutes appellant's claim that it was not applied to his debt at the bank.

There was also testimony to the effect that the appellant, sometime in April, May or June 1962, asked his friend George Foshee to sign a check which he had in his hand.

■ Aside from the testimony of the accomplice witness, the facts and circumstances mentioned are deemed sufficient to connect the appellant with the forgery and to corroborate the testimony of said accomplice. The corroborating evidence mentioned is much stronger than that held sufficient in Long v. State, 167 Tex.Cr.R. 213, 319 S.W.2d 103. It goes much further than merely showing that the appellant received the proceeds of the check.

The evidence as a whole is sufficient to sustain the conviction of the appellant as a principal in the forgery of the endorsement of the cashier's check described in the indictment.

■ We find no merit in the contention that a variance is shown because the birth certificate produced by the witness Benjamin Shelton showed his first name as Benjamine.

The cashier's check introduced in evidence shows the name of the payee and the name appearing as an endorsement to be identical, and the name of the heir and the witness was shown by evidence to be Benjamin Shelton.

The judgment is affirmed.