**Franklin David PASSMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41032.**

Court of Criminal Appeals of Texas.

June 19, 1968.

Lockhart, Lindsey & Neal by Connally Lockhart, Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is felony theft; the punishment, enhanced by a prior conviction alleged under the provisions of Article 62, Vernon's Ann.P.C., ten (10) years confinement in the Texas Department of Corrections.

In two grounds of error urged on appeal, this indigent appellant represented by court appointed counsel contends that the evidence was insufficient to corroborate the testimony of the accomplice witness James Larry McCullom.[1]

McCullom, who was on parole at the time, testified that on the evening of September 23, 1966, he agreed to help the appellant steal an automobile engine for appellant's Chevrolet panel truck. He related that he, appellant and one Dennis Hagy drove around the City of Amarillo in

---

[1]. The State brief informs us that "McCullom" as it is spelled in the transcription of the court reporter's notes is incorrect and that the correct spelling of the name is McCollum.

his pickup truck until the appellant observed a 1961 Chevrolet station wagon parked in the San Jacinto Baptist Church parking lot in Potter County; that appellant then proceeded to enter the automobile and upon driving it away instructed McCullom to follow him to a garage located at 2411 West First Street in Amarillo, where the appellant sometime lived. At the garage McCullom, appellant, appellant's brother (Tommy Passmore) and Dennis Hagy began stripping the automobile with cutting torches. As the 1961 Chevrolet station wagon was systematically dismembered, McCullom and appellant loaded the unwanted body parts of the automobile into McCullom's pickup truck and proceeded to discard them that night in a vacant lot. Early the next morning, the appellant and McCullom hauled what was left of the body of the station wagon to the vacant lot. The parts were then set on fire by the appellant to remove any possible fingerprints. McCullom related that all that was retained of the automobile were four tires on the rim, hub caps, radiator, the radio, the motor and several of its attendant parts and the automatic transmission. The motor, the automatic transmission and the four tires were installed in appellant's 1960 Chevrolet panel truck. The radio was "put in the box [behind the driver's seat] and hooked up for police calls."

To corroborate the testimony of the accomplice McCullom, the State offered the following:

William Solomon, Jr., the owner of the 1961 Chevrolet station wagon testified that the station wagon was taken without his permission or consent from the church parking lot on September 23, 1966, in Potter County, Texas. He related that the value of the automobile at the time was approximately $1,250.

Mrs. Carley Conley, age 17, who knew both McCullom and appellant, testified that on September 23, 1966, she saw the appellant riding with McCullom in his pickup truck and that "they had some kind of auto-mobile on the back of the truck." On cross-examination she indicated some uncertainty as to the date that she had seen the two, but indicated that it was in September, 1966.

The testimony of Jack Inman, an Amarillo police detective, and the owner of the allegedly stolen station wagon, positively established that the automobile parts subsequently found installed in appellant's panel truck and others found in the garage at 2411 West First Street (operated by Tommy Passmore, appellant's brother) and still others found discarded in the vacant lot all belonged to Mr. Solomon.

Frank E. Gilley, a deputy sheriff for Potter County, testified that he and several other officers searched the house and garage at 2411 West First Street pursuant to a search warrant, some two or three weeks after the alleged offense, and that after some two hours or so of searching the premises the appellant was discovered hiding under a stack of clothes on the floor of a closet in the house. His brother Tommy was found hidden in another closet.

The defendant testified in his own behalf and also called his wife, his father, his brother Tommy, his sister and his sister-in-law, as well as Dennis Hagy, Vonnie Lovett and Charles Jarrett. He sought to establish by such testimony that he and his wife went to a drive-in movie on the evening of September 23, 1966; that his brother Tommy Passmore and his wife went to a "fair" that night and that he, the appellant, had purchased the motor, the automatic transmission and four tires from the accomplice witness McCullom without knowledge of the theft. On cross-examination of the defense witnesses it was shown that Dennis Hagy had one prior felony conviction, that Tommy Passmore had at least four prior felony convictions and that the appellant with two prior felony convictions was on parole at the time that he was arrested.

The court charged the jury on the law of principals, and further instructed the

jury that the witness McCullom was an accomplice witness as a matter of law and fully instructed them as to the corroboration necessary to convict under the provisions of Article 38.14, Vernon's Ann. C.C.P., which reads:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows a commission of the offense."

Recently in Edwards v. State, Tex.Cr. App., 427 S.W.2d 629 (Delivered March 27, 1968) this Court said:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witnesses and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is, evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Bradford v. State, [170 Tex.Cr.R. 530,] 342 S.W.2d 319."

In Minor v. State, 108 Tex.Cr.R. 1, 299 S.W. 422, this Court said:

"The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be 'other evidence tending to connect the defendant with offense committed.' * * * Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corrobora-

tion. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied."

Further, in Long v. State, 167 Tex.Cr. R. 213, 319 S.W.2d 103, this Court said:

"Evidence that the appellant concealed himself at a time when the officers came to his home following the forgery would be a criminative fact tending to connect him with the act for which they sought to apprehend him."

And in 23 C.J.S. Criminal Law § 812 (4)h, p. 120 (quoted in Edwards v. State, supra), it is stated:

"[T]he possession by accused of the fruits of the crime, such as property stolen at the time of the burglary, robbery, larceny, or murder, of itself generally tends to connect him with the commission of the crime, and may be sufficient corroboration of the testimony of an accomplice to warrant a conviction * * *."

Appellant's hiding beneath a stack of clothes on the floor of a closet for two and one half hours while officers searched the house can be reasonably interpreted as concealment from the police and the avoidance of apprehension for the crime for which they sought to arrest him. This fact taken in conjunction with the discovery of stolen parts of the automobile on the premises where he was hiding, the finding of other stolen parts installed on appellant's panel truck, and his presence with the accomplice McCullom near the time in question hauling "some kind of automobile on the back of the truck," amply corroborates the accomplice witness' testimony, and is sufficient to sustain the jury's verdict.

The judgment is affirmed.