Clevenland SCALLION, Appellant,

v.

The STATE of Texas, Appellee.

No. 41539.

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Joseph Chacon, Jr., by court appointment, John F. Tafolla, San Antonio, by court appointment, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for passing a forged instrument; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

Three grounds of error are urged by appellant in his brief filed with the clerk of the trial court.

In his first ground of error, appellant insists that the court erred in overruling his "Motion to Dismiss, Suppress and Release from Custody," which motion was presented to and heard by the court after indictment was returned against appellant and before the day of his trial.

In the motion, appellant alleged—in substance—that his arrest without a warrant on February 7, 1967, was illegal; that he was not immediately taken before a magistrate and informed of his rights, including that of an examining trial; and that he was not afforded the protection guaranteed to him under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Appellant's prayer in the motion was that the court dismiss the indictment presented against him; that he be released from custody; and that all evidence obtained as a result of "the illegal seizure herein complained of, be suppressed."

In overruling appellant's motion, the trial court filed findings of fact and conclusions of law in which he found that appellant was in custody under a valid indictment and that his arrest for drunkenness in a public place was lawful and the search following such arrest was legal. The court further found that the search of appellant immediately after his arrest yielded a pocket knife, and that the two checks in question were obtained by the officer from an H. E. B. store employee and not from appellant.

The record in the case supports the judge's findings.

■ The failure to take appellant before a magistrate for an examining trial prior to indictment did not affect its validity. Wallace v. State, Tex.Cr.App., 429 S.W.2d 145.

■ Appellant's arrest without a warrant for being drunk in a public place was authorized. Johnson v. State, Tex.Cr.App., 397 S.W.2d 441. The search incident thereto was lawful.

■ Further, the two checks in question —not found as a result of the arrest of appellant and incident search—were admissible, irrespective of the validity of the arrest. Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747.

No confession by appellant was offered in evidence by the state.

The ground of error is overruled.

By his grounds of error #2 and #3, appellant insists that the evidence is insufficient to sustain a finding of guilt and that the verdict is contrary to the law and the evidence.

■ In his brief, appellant does not point out in what respect he contends the evidence is insufficient to sustain a finding of guilt but only argues that the evidence is insufficient to show him an habitual criminal because it was shown by the testimony of the state's witness Officer Robert Katz that "due to the time factor, it was impossible to identify the finger—prints introduced into evidence for the purpose of enhancement as being the finger—prints of the *A*ppellant herein, and therefore, there is no evidence on which to justify or warrant the sentence herein imposed."

Officer Katz, shown to be qualified and testifying as a fingerprint expert, stated that he had compared appellant's known fingerprints with those appearing in the penitentiary records introduced in evidence and that they were made by one and the same person.

We are not impressed with appellant's contention that it was impossible for Officer Katz to identify the fingerprints introduced in evidence as being those of appellant, because the officer stated that he compared six sets of fingerprints with those of appellant in approximately thirty minutes.

At the hearing on guilt or innocence, the state's witness Sam Gonzales, Jr., testified that on the date alleged the appellant passed to him, as an employee of H. E. B. Store No. 7 in San Antonio, state's exhibit

#1, which was a check of the tenor described in the indictment. The check was later returned by the payee bank with the notation, " 'Unable to locate account.' "

Several days later, appellant attempted to cash, but without success, another check (state's exhibit #2) at the same store.

It was shown by the testimony of a handwriting expert that the handwriting on the face and back of both checks was made by the same person.

The witness Gonzales testified that appellant endorsed the first check (state's exhibit #1) in his presence.

It was further shown by the state's testimony that the alleged maker of the two checks was a fictitious person.

Such evidence is sufficient to support the conviction. Sides v. State, 172 Tex. Cr.R. 457, 358 S.W.2d 633; Stevens v. State, Tex.Cr.App., 426 S.W.2d 222.

The grounds of error are overruled.

The judgment is affirmed.