**Lamar C. COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42923.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Rehearing Denied Oct. 21, 1970.

John R. Nelms, Dallas, for appellant.

Frank C. Dickey, Jr., Dist. Atty. and David A. Robertson, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON MOTION FOR REHEARING

DOUGLAS, Judge.

The offense is assault with intent to murder; the punishment, fifteen years.

This is a companion to the case of George Hill v. State of Texas, Tex.Cr. App., 456 S.W.2d 699. The sufficiency of the evidence is not challenged; it is substantially the same as in the Hill case and will not be restated.

The sole contention of appellant is that the court erred in failing to charge the jury on the law of circumstantial evidence.

No written objection to the court's charge or requested instruction was filed with the clerk before the charge was read

to the jury. After the record had been approved by the trial court, a supplemental record was filed, and it shows that trial counsel dictated his objections to the court reporter.

Articles 36.14 and 36.15, Vernon's Ann. C.C.P., require that objections and special requested charges be presented in writing to the court prior to the reading of the charge to the jury.

This Court has held that these Articles are mandatory and that where an oral objection to the charge is only dictated to the court reporter, nothing is presented for review. Thayer v. State, Tex.Cr.App., 452 S.W.2d 496; Seefurth v. State, Tex.Cr. App., 422 S.W.2d 931.

The prior opinion is withdrawn.

The motion for rehearing is overruled.

The judgment is affirmed.