John Milton FORDERSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43766.

Court of Criminal Appeals of Texas.

May 26, 1971.

Lawrence R. Scroggins, Houston, for appellant.

W. C. Lindsey, Dist. Atty., Lawrence J. Gist, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of marihuana. The punishment was assessed by the jury at fifteen years.

The sufficiency of the evidence is not challenged.

At approximately 7:45 o'clock on the morning of February 9, 1969, the appellant was driving through Port Arthur when he was stopped by Officer Bergeron of the Port Arthur Police Department. Officer Bergeron testified that he observed appellant driving with his lights on and weaving back and forth in the street. He further testified that he followed appellant for about eight blocks and stopped him after appellant's car narrowly missed hitting a parked truck.

Officer Bergeron testified that after stopping appellant and observing him get out of the car, he (Officer Bergeron) formed the opinion that appellant was drunk and Officer Bergeron then took the car keys and had appellant get back in his car. At this time Officer Bergeron called for assistance and Sergeant Mitchell arrived at the scene.

Sergeant Mitchell testified that when he arrived, he had appellant get out of the car. He testified that he thought appellant was drunk. As appellant was getting out of the car, Mitchell observed a matchbox with Scotch tape on the ends sitting on the console which divided the bucket seats of appellant's car. Mitchell then picked up the matchbox, opened it and observed a substance which appeared to him to be marihuana.

The evidence further showed that Officer Bergeron asked Willie Ballage, who was in the car, to get out and when Ballage got out, he (Bergeron) observed a marihuana-type substance on the floorboard of the car. The officers testified that it was a cold morning and the appellant had urinated in his trousers and that rather than have the men standing in the cold, they were taken to jail. Appellant was charged with driving while intoxicated and Ballage, the passenger, was charged with being drunk.

The officers testified that they then returned to appellant's car, scraped the marihuana-type substance from the floor of the car and then cut out a part of the floor

carpet which contained other particles of suspected marihuana. At the trial, a chemist from the Department of Public Safety testified that the matchbox contained marhuana and that the particles imbedded in the carpet sample and the substance scraped off the floor of the car were marihuana.

In his first ground of error appellant complains of the admission into evidence of the matchbox, carpet sample, floor scrapings and a package of cigarette papers on the grounds that they were not properly identified. The evidence showed a chain of custody from Officer Bergeron to the Texas Department of Public Safety in Austin, to the chemist in Houston, who testified at the trial, and then from the chemist to the district attorney who offered the items into evidence. At the trial the evidence was positively identified by the officers as the same as that which they gathered at the scene. There was no missing link in the chain of custody. Appellant's first ground of error is without merit and is overruled.

In grounds of error two, three and four, appellant contends that the arrest was illegal in that it was not based on probable cause and that the arresting officers failed to give appellant the constitutional Miranda warnings. In light of the testimony that appellant was weaving back and forth on the street and that he almost struck a parked vehicle, Officer Bergeron had probable cause for stopping appellant's car. Article 803, Vernon's Ann.P.C., authorizes an officer to arrest without a warrant anyone driving a motor vehicle on a public street while intoxicated. Chamberlain v. State, Tex.Cr.App., 453 S.W.2d 490.

Officer Bergeron testified that when he initially stopped appellant and asked him to get out of the car, appellant fumbled with the door handle and had a hard time getting out. Further, he testified that appellant stumbled and weaved when removed from the car and that he had a difficult time getting his wallet out of his pocket and finding his driver's license. Upon observing his condition he then had probable cause to hold appellant for driving while intoxicated.

Appellant's contention that the Miranda warnings were not given is not supported by the record. The issue was never raised by appellant at the time of trial and there is no showing that the warnings were not given or that any objection was made during the trial based upon this contention. No confession was introduced. No error has been shown.

Grounds of error two, three and four are overruled.

In grounds of error numbers five and six, appellant complains of the admission of the marihuana on the ground that it was the product of an illegal search and seizure.

Sergeant Mitchell testified that when he arrived at the scene and had appellant get out of the car he observed the matchbox was taped shut and was sitting on the console in plain view. He also testified that it was customary for marihuana to be carried in this fashion.

There was sufficient evidence for the trial court to conclude that the arrest was legal.

After the automobile was stopped, the officer saw the matchbox with Scotch tape on the ends as marihuana was often packaged to retain the loose particles. He then had probable cause to take the matchbox. After determining that it was marihuana, he was authorized to continue to search the entire automobile and to take the loose marihuana. Breckenridge v. State, Tex.Cr.App., 460 S.W.2d 907, and Taylor v. State, Tex.Cr.App., 421 S.W.2d 403.

Grounds of error five and six are overruled.

Appellant next complains of prejudicial argument on the part of Mr. Dewitt in

opening and Mr. Gist in closing for the State. None of the argument is shown in the brief. The record does not reflect any objection to Mr. Dewitt's argument. Both arguments are complained of in this ground of error.

Because the argument complained of is not pointed out, this ground of error presents nothing for review under Article 40.09, Section 9, Vernon's Ann.C.C.P.

 Finally, appellant complains of the failure of the trial court to instruct the jury on the law of circumstantial evidence. Even if such a charge should have been given, the appellant neither objected to the court's charge under Article 36.14, V.A.C. C.P., nor submitted written requested instructions as provided for in Article 36.15, V.A.C.C.P. Therefore, nothing is presented for review. See Cole v. State, Tex.Cr. App., 458 S.W.2d 195.

Ground of error number eight is overruled.

The judgment is affirmed.