Bobby Joe **DANIELS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44490.

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Rehearing Denied March 1, 1972.

R. L. Middleton, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, sixteen (16) years.

The record reflects that police officers went to a Dallas drive-in restaurant after receiving information from an informant that narcotics were being sold from a car described as a '68 or '69 Chevy with a white top and blue bottom. The narcotics were allegedly wrapped in tinfoil and a red towel. Arriving at the scene, the officers saw the car with appellant in it. The officers drove by and stopped 50–70 feet away. Minutes later they observed an unknown person approach the vehicle and hand appellant some money. Appellant then gave him a "brown looking cigarette." Shortly thereafter police saw another man get into the car and also observed appellant straighten up behind the wheel "as if to start the car." The officers pulled up behind the car, blocking its path, arrested appellant and his companion and seized the red towel, containing marihuana cigarettes, lying in full view on the floorboard next to appellant.

Appellant's sole contention is that his arrest, without a warrant, was illegal and that the evidence seized was the result of an illegal search and not in compliance with Articles 14.01 and 14.04, Vernon's Ann.C.C.P.

Article 14.01 allows an officer to make an arrest without a warrant if a felony is committed in his presence. Article 14.04 permits a warrantless arrest on the information of a credible, reliable informant where there is reason to believe the accused will leave the scene before a warrant can be issued.

The information the officers received regarding this specific car coupled with their observation of a purported sale were sufficient to lead the officers to believe a felony was being committed in their presence and to authorize appellant's arrest under Art. 14.01, Vernon's Ann.C.C.P. Slaughter v. State, 166 Tex.Cr.R. 403, 314 S.W.2d 92; Bridges v. State, 166 Tex.Cr.R. 556, 316 S.W.2d 757; Miller v. State, Tex.Cr.App., 458 S.W.2d 680. Further, a search incident to such an arrest is lawful. Forderson v. State, Tex.Cr.App., 467 S.W.2d 476; Miller v. State, supra.

Appellant cites Art. 14.04, Vernon's Ann. C.C.P., and Vinson v. State, 138 Tex.Cr.R. 557, 137 S.W.2d 1048, as authority. However, appellant was not arrested solely on the information of the informant, his arrest was based on the fact that, in view of the circumstances confronting the officers, they had sufficient reason to believe a felony was being committed in their presence.

Appellant's ground of error is overruled.

The judgment is affirmed.