Kenneth Edward **JOHNSON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 45164.

Court of Criminal Appeals of Texas.

June 28, 1972.

---

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction was for the possession of marihuana; the punishment, five years imprisonment. The appellant was granted probation on recommendation of the jury.

The sole contention is that "Appellant's conviction should be reversed because it is based in part on evidence illegally obtained without a warrant and without probable cause."

At approximately 4:00 p. m. on December 27, 1969, the manager of a mobile home park attempted to discuss with the appellant a report that he had received that appellant was disturbing the peace and racing his car around the mobile park. When the appellant, who was not a resident in the park, became belligerent and abusive in the language he used, the manager notified the police department by telephone.

Police officers Hake and Simper responded to the call. When they arrived at the mobile home park they knocked on the door of the trailer belonging to Delores Edson and her husband. The appellant opened the door and Officer Hake smelled the odor of marihuana smoke. The appellant "appeared to be high, his eyes were sort of red." There was no smell of an alcoholic beverage on the appellant's breath. The officer asked appellant if he owned the automobile across the street. Appellant said that he did. "He was very loud and boisterous" and "became very belligerent and started cursing and swearing. . . . He kept getting louder and people started gathering around." Appellant was then placed under arrest and searched. The officers found a green, leafy plant substance in appellant's shirt pocket. Hake then knocked on the door of the mobile home and asked the use of the telephone. He was invited into the home and permitted to use the telephone. Close to the telephone he saw "rolling papers" and a penny matchbox containing a green, leafy plant substance similar to that found in the appellant's pocket.

Expert testimony showed the green, leafy plant substance in the matchbox and in the appellant's pocket to be marihuana.

**866**

Mrs. Delores Edson testified that she and her husband were friends of the appellant; that appellant had been in the trailer about twenty minutes; that she had not seen the matchbox before it was discovered by the officer and that it did not belong to her or to her husband.

 When the appellant commenced to curse and to create a disturbance, the officer had a right and the duty to arrest the appellant. Crawford v. State, 478 S.W.2d 456 (Tex.Cr.App.1972) ; Doby v. State, 454 S.W.2d 411 (Tex.Cr.App.1970) ; Cox v. State, 442 S.W.2d 696 (Tex.Cr.App.1969) and Carter v. State, 412 S.W.2d 54 (Tex. Cr.App.1967).

There was probable cause for appellant's arrest when the officer smelled the smoke of marihuana and believed, as he testified, that a felony was being committed in his presence. Also, probable cause for the arrest existed when the officer observed the appellant to be "high" and in a condition suggesting he was under the influence of marihuana. See Cook v. State, 155 Tex.Cr.R. 580, 238 S.W.2d 200 (Tex.Cr.App.1951) ; King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501 (Tex.Cr. App.1958) ; Henderson v. State, 422 S.W. 2d 175 (Tex.Cr.App.1967) and Gorrell v. State, 468 S.W.2d 95 (Tex.Cr.App.1971).

The arrest of the appellant was lawful and a search incident thereto was reasonable. The marihuana which was the fruit of the search was lawfully obtained and properly admitted in evidence. Crawford v. State, *supra*; Daniels v. State, 476 S. W.2d 12 (Tex.Cr.App.1972) ; Lara v. State, 469 S.W.2d 177 (Tex.Cr.App.1971) and Scallion v. State, 433 S.W.2d 438 (Tex.Cr.App.1968).

The marihuana recovered near the telephone was in open view near the "rolling papers" and was not obtained by virtue of an unlawful search. Forderson v. State, 467 S.W.2d 476 (Tex.Cr.App.1971) and Weeks v. State, 476 S.W.2d 310 (Tex. Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.