Rory Lynn SHERER, Appellant,

v.

The STATE of Texas, Appellee.

No. 47874.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

W. Alfred Winder, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Timothy E. Thompson and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

On September 14, 1971, appellant was convicted of burglary with intent to commit theft following a plea of guilty. His punishment was assessed at seven (7) years, probated. One of the conditions of his probation was that he commit no offense against the laws of this or any other State, or of the United States.

On February 7, 1973, the State filed a motion to revoke probation, alleging that on or about January 25, 1973, appellant, in Tarrant County, "did then and there unlawfully possess a narcotic drug, to–wit: marihuana."

A hearing was held on this motion on March 5, 1973, at the conclusion of which the court found that appellant had violated the above condition of his probation, revoked the probation and sentenced appellant.

It was proven that appellant, Rory Lynn Sherer, the person named in the State's motion to revoke, was the same person who was convicted of burglary with intent to commit theft and was placed on probation.

The evidence reflects that at approximately 1:15 a. m. on January 25, 1973, appellant was living in Apartment One at 1012 Lipscomb Street in Fort Worth. Five police officers of the narcotics division of the Fort Worth Police Department executed a search warrant at that time upon the occupants of Apartment Two at the same building containing four apartments.

The door to appellant's apartment was partially open, and the officers in the hall smelled marihuana coming from appellant's apartment during the time they were executing the warrant on Apartment Two. Through the open door in the hallway, the officers could see a waterpipe being smoked by several individuals in the apartment. When the officers entered the premises through the open door, appellant was seized as he was shoving a bag of marihuana under a mattress in a bedroom of the apartment.

Appellant testified on his own behalf to the effect that he was just getting ready to move from the apartment because of the drugs being used there when the raid occurred.

Appellant's sole complaint concerns the admission into evidence of the fruits of an allegedly illegal search and seizure.

 The smell of marihuana emanating from appellant's apartment gave the officers further reason to continue their investigation. Leonard v. State, Tex.Cr. App., 496 S.W.2d 576. Upon investigation, the officers observed through the open door two persons smoking the waterpipe. It is not a search to observe that which is in open view. Turner v. State, Tex.Cr. App., 499 S.W.2d 182.

The officers were authorized to be on the premises executing a warrant. Observing the commission of a felony within view, the officers had probable cause to arrest the occupants of the apartment. Article 14.01, Vernon's Ann.C.C.P.; Turn-

er v. State, supra; Palmer v. State, Tex. Cr.App., 475 S.W.2d 797.

 In addition, appellant was apprehended while he was placing the contraband beneath his mattress in his bedroom. The scope of the search was within the limits required by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). No error is shown. Palmer v. State, supra.

No abuse of discretion of the trial court in revoking the probation is shown.

The judgment is affirmed.

Opinion approved by the Court.