**Jesse LEFFALL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–082–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 29, 1984.

R.K. Weaver, Dallas, for appellant.

Henry M. Wade, Criminal Dist. Atty., and Constance M. Maher, Asst. Dist. Atty., Dallas, for appellee.

Before ASHWORTH, BURDOCK and HILL, JJ.

## OPINION

ASHWORTH, Justice.

Jesse Leffall was convicted by a jury of the offense of possession of a controlled substance, heroin. After finding he had committed two prior felonies, the jury sentenced Leffall to confinement for life.

Judgment affirmed.

Appellant presents one ground of error contending the trial court erred in admitting evidence seized contrary to the United States Constitution and the Texas Constitution.

Appellant was arrested by two Dallas police officers who found a cellophane packet containing fifteen capsules of heroin in his possession. Appellant filed a pretrial motion to suppress this evidence.

The court conducted a hearing prior to the trial on appellant's motion to suppress. Anthony Gipson, one of the police officers involved in the arrest, was the only witness at the hearing on the motion. Gipson testified that he and Henry R. Acord, the other police officer, were on routine patrol on the night of August 19, 1983. He and Acord were dressed in their police uniforms and were driving a marked police car.

The officers decided to conduct a foot patrol through an apartment complex because the complex was well-known to police officers as a location where illegal narcotics sales were made. They approached the area with their headlights off and parked in an alley adjacent to the complex parking lot. In the parking lot, they observed a Buick automobile parked in such a manner as to block the exit of other cars which were properly parked. Gipson stated it was supposedly parked in the fire lane but he was not sure of that. The parking lights of the Buick were on, and a man was seated on the passenger side of the front seat. The window was down and the man's right arm was hanging outside the front door; his left arm was lying along the top of the front seat, and he was slumped over against the passenger side door.

Gipson decided to investigate to see if the man was unconscious, drunk, or dead. When he was about ten to fifteen feet away from the car, Gipson and Acord both shined their flashlights on the occupant, who is the appellant in this case. The appellant seemed startled and immediately started making a movement with his left arm as if he was attempting to put something away or obtain something. Gipson hurried to the car and shined his flashlight inside the car on the appellant. Gipson saw appellant trying to deposit under the arm rest a small cellophane wrapper containing some capsule-looking things. Gipson could see that the capsules contained a brown powder which he suspected to be heroin. Appellant was taken into custody and the cellophane wrapper was retrieved. It was later determined that the brown powder in the capsules was heroin.

The motion to suppress the evidence was denied. Gipson's testimony at the pretrial hearing was essentially restated during the trial on the merits. Acord's testimony gen-

erally agreed with that of Gipson. Appellant contends the evidence seized was obtained in violation of the constitutional prohibitions against unlawful searches and seizures. Specifically, he alleges that the officers entered onto private property hoping to discover improper activities, and there was no justification for such entry without a warrant.

TEX.PENAL CODE ANN. sec. 1.07(a)(29) (Vernon 1974) provides, that a "public place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets and highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops. It is true, as appellant points out, that there was no testimony as to the description of the parking lot from which it could be determined that it had any public characteristics. However, the lot was described as that for an apartment complex known to police officers as a location for narcotics transactions. There is no question that the area was a parking lot for an apartment complex. Under the words of the statute, it was a public place, and we hold the officers were lawfully on the lot.

In *Merideth v. State*, 603 S.W.2d 872 (Tex.Crim.App.1980), a police officer received a call to investigate the appearance of several people in the parking lot of an apartment complex. The police had been receiving burglary calls in the area on a regular basis. The officer observed two people in a pickup truck in the parking lot. The officer knocked on the window of the pickup, the door was opened, and the officer smelled the odor of marihuana and observed a handrolled cigarette butt in the ashtray. A full handrolled cigarette was discovered in the bottom of the ashtray; the occupants were placed under arrest and a plastic baggie containing marihuana was found in the truck. The defendant was found guilty of possession of marihuana, and he contended there was an investigative stop and the marihuana was seized pursuant to an unlawful search and seizure. The court held there was no investigative stop; there was no detention until the marihuana was discovered; the officer was in a location where he had a legal right to be and observed the cigarette butt in plain view. There was no search and seizure; the marihuana cigarettes in the ashtray were lawfully obtained; and the baggie of marihuana was discovered because of an inventory prior to impoundment. The evidence there was held to be properly admitted.

While there are some differences in the facts of *Merideth* and the instant case, the similarities are sufficient for our holding that the police officers were lawfully in the parking lot, a public place; they had good cause to investigate the improperly parked car with an occupant slumped over the seat, the evidence seized was in plain view and was not the fruit of an illegal search and seizure.

Judgment affirmed.