Luis Campos HERRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–161–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 11, 1988.
Discretionary Review Refused
May 18, 1988.

Juan Martinez Gonzales, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant challenges the trial court's order revoking his felony probation. His sole contention is that the trial court abused its discretion in entering its order based on evidence seized as a result of an illegal search and seizure in violation of article 1, section 9 of the Texas Constitution, the Fourth Amendment of the U.S. Constitution, and Tex.Code Crim.Proc.Ann. art. 38.-23 (Vernon 1979).

In 1984 appellant pleaded guilty to a charge of possession of marihuana. The trial court set punishment at ten years confinement with a fine of $1,000.00; the confinement was ordered probated. It was a condition of probation that appellant commit no offense against the laws of Texas.

In January, 1987, the State filed a motion to revoke probation alleging that on November 18, 1986, appellant "did then and there intentionally and knowingly possess a controlled substance, namely: cocaine, of less than twenty-eight (28) grams" and "did then and there intentionally and knowingly carry on and about his person, a handgun, to wit: a .38 derringer, s/n F73139."

In a probation revocation proceeding, evidence that is obtained as a result of an illegal search and seizure is inadmissible over objection. *Wilson v. State*, 621 S.W.2d 799, 805 (Tex.Crim.App.1981). This protection is derived from the Fourth Amendment of the U.S. Constitution and article 1, section 9 of the Texas Constitution and extends to probationers. *Davis v. State*, 576 S.W.2d 378, 380 (Tex.Crim.App.1978).

Officer Groff was on patrol one evening when, at approximately 10:00 p.m., he observed a car traveling on the road without a front license plate. Officer Groff turned on his flashing lights and appellant pulled his car over into a parking lot. Officer Groff walked to the vehicle, and looked into the vehicle with a flashlight. He observed appellant with two female passengers in the front seat. The officer testified that he detected the odor of marihuana and that he saw a burnt marihuana cigarette in the open ashtray to the right of appellant. Officer Groff requested appellant to produce his driver's license and proof of liability insurance. Appellant handed the officer his driver's license and then opened his glove compartment which was positioned in the center of the front dashboard. As appellant reached into the glove compartment, Officer Groff followed appellant's hand movement with the flashlight. Officer Groff saw five shells or bullets in the open glove compartment.

Officer Groff asked appellant if he had a gun and the appellant replied that he did not. Then the officer asked why he had shells in the car; appellant said he did not know. Officer Groff requested appellant and the passengers to get out of the car. He also called for police backups. Appellant had a pair of crutches in the back seat. Officer Groff handed appellant the crutches, which appellant used to support himself while he was standing outside the automobile.

Officer Groff conducted a pat-down search of defendant. He saw a short straw in a front pocket of appellant's shirt. Officer Groff discovered two small bottles containing white residue in appellant's front shirt pocket. One of the bottles contained cocaine. A backup officer arrived and watched over appellant and the two passengers while Officer Groff searched the car. Officer Groff recovered a .38 derringer pistol and five bullets from the glove compartment of the car. As he continued to search the car, he found a prescription bottle between the front seats and another bottle with shells in it on the front floorboard of the car. At this point the officer made a formal arrest of appellant.

Appellant contends that the search of his person and of the automobile was in violation of his rights because the search was conducted without a warrant. He argues that the search was not proper as incident to arrest because the search occurred prior to a formal arrest.

The initial stop of appellant's automobile was valid since it was premised on the failure of the automobile to have a front license plate in violation of Tex.Rev.Civ. Stat.Ann. art. 6675a–3e § 5 (Vernon 1977).

A police officer has probable cause to arrest without a warrant if the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person to believe that the arrested person had committed or was committing an offense. *Lunde v. State*, 736 S.W.2d 665, 667 (Tex.Crim.App.1987).

The testimony of the police officer revealed that he had worked in law enforcement for at least six years and that he was familiar with the appearance of different drugs and drug paraphernalia.

Upon detecting the odor of marihuana and observing a burned marihuana cigarette in the open ashtray of appellant's car, the police officer had probable cause to arrest the appellant and was permitted under Texas law to make a custodial arrest for the offense he observed being committed. Tex. Code Crim.Proc.Ann. art. 14.01 (Vernon 1977). *See United States v. Orozco*, 715 F.2d 158 (5th Cir.1983); *Rodriguez v. State*, 653 S.W.2d 305 (Tex.Crim. App.1983) (officer observed defendant smoking marihuana); *Sherer v. State*, 502 S.W.2d 143 (Tex.Crim.App.1973) (officer

smelled marihuana and saw people smoking it); *Legall v. State*, 463 S.W.2d 731 (Tex.Crim.App.1971) (flashlight shined in pickup revealed bag containing marihuana).

Since the officer had probable cause to make a valid custodial arrest prior to the search and an arrest followed "quickly on the heels of the search," the search is justified as incident to arrest. *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 635 (1980); *United States v. Hernandez*, 825 F.2d 846, 852 (5th Cir.1987); *Williams v. State*, 726 S.W.2d 99, 101 (Tex.Crim.App.1986). Therefore, the officer's search of the appellant which produced the vial of cocaine was justified as incident to arrest under *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973). The search of the glove compartment of appellant's car, which produced the gun, was also a valid search incident to arrest. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

We hold that the evidence was admissible. Therefore, there was no abuse of discretion by the trial court in revoking appellant's probation. Appellant's point of error is overruled.

The order of the trial court revoking appellant's probation is AFFIRMED.