No. 04-98-00165-CR



James Earl BROWN,


Appellant



v.



The STATE of Texas,


Appellee



County Criminal Court No. 3, Dallas County, Texas


Trial Court No. MB-95-68411-C


Honorable Dan Wyde, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: August 18, 1999


AFFIRMED



 James Earl Brown was tried by the court and convicted of possession of marihuana. He was
sentenced to thirty days confinement, probated over six months, and a fine of $300. On appeal,
Brown contends that the trial court erred in denying his motion to suppress illegally obtained
evidence. Because we find the evidence at issue was lawfully obtained, we affirm the judgment of
the trial court.

Factual and Procedural Background


 On December 1, 1995, Officer Troy Klingle Smith arrested James Earl Brown for possession
of marihuana. The court conducted a pre-trial hearing on Brown's motion to suppress, at which
Brown alleged that the marijuana which formed the basis of the charges against him was the fruit
of an illegal search. The trial court overruled Brown's motion to suppress and likewise overruled
Brown's objections to the marihuana evidence during trial. Officer Smith was the only witness to
testify at both the suppression hearing and the trial.

 Officer Smith testified that, before beginning his patrol on December 1, 1995, he was
approached by an undercover narcotics officer who informed him that an individual was selling
drugs out of a local motel where Officer Smith had recently made several drug arrests. Officer Smith
and his partner went to the motel that evening, concealed themselves behind a van in the parking lot,
and observed the location for suspicious activity. Officer Smith testified that in a period of ten or
fifteen minutes two separate individuals approached room number 12, knocked on the door, entered
the room, and exited the room approximately a minute and a half later. Officer Smith noted that this
activity is consistent with the buying and selling of narcotics. Furthermore, he testified that he heard
the second individual who entered the room say, "Hurry up, the police are coming," before she
entered.

 Because he suspected that narcotics were being sold, Officer Smith approached room number
12 to investigate. He knocked on the door and Brown opened it. Officer Smith testified that he
immediately smelled burning marihuana when Brown opened the door. Brown took two steps
backwards and sat down on a bed with his hands underneath him. Officer Smith stepped inside the
room and asked, "Have you all been smoking marihuana in here?" Brown replied, "Yes, we had a
blunt," which Officer Smith knew to mean a type of marihuana cigarette. Officer Smith then asked
Brown to stand up so that he could ensure that Brown did not have any weapons. When Brown got
off of the bed, Officer Smith saw a clear plastic bag containing marihuana on the bed. Brown
admitted that the marihuana was his.

Argument and Authority


 Brown argues that the trial court erred in admitting evidence of the marihuana because it was
obtained via a warrantless search in violation of the Fourth Amendment. See U.S. Const. amend.
IV (establishing rights of U.S. citizens to be free from unreasonable searches and seizures).
Specifically, Brown contends that the search was based on an unsubstantiated tip, instigated with no
probable cause to believe a violation of the law was occurring, and performed without his consent.

 Because Officer Smith was the only witness to testify in this case and he did not contradict
himself, the legal and factual questions presented do not turn on an evaluation of the witnesses'
credibility and demeanor. Accordingly, we review the trial court's decision de novo. See Guzman
v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). We begin by recognizing that a motel guest
is entitled to protection against unreasonable searches of his motel room. See Fontenot v. State, 792
S.W.2d 250, 254 (Tex. App.­Dallas 1990, no pet.) (citing Stoner v. California, 376 S.W.2d 483
(1964). However, the evidence presented does not convince us that there was an illegal search of
the motel room in this case.

 The evidence indicates that Officer Smith and his partner were in a public parking lot
investigating a tip from another police officer regarding a motel where there was a history of drug
trafficking. Because the parking lot was public, the officers had a legal right to be there. See Leffall
v. State, 680 S.W.2d 683, 685 (Tex. App.­Fort Worth 1984, pet. ref'd) (finding that parking lot of
an apartment complex known to police as a location for narcotics transactions was a public place).
During his investigation, Officer Smith observed activity that, based upon his experience as a police
officer, he believed was consistent with the sale of drugs. Officer Smith's observation of suspicious
activity corroborated the narcotics officer's tip and, when coupled with Officer Smith's prior
knowledge of the motel's history, justified further investigation. "When a police officer observes
suspicious activity, he or she not only has a right but has a duty to investigate." Bobo v. State, 805
S.W.2d 493, 496 (Tex. App.­Houston [14th Dist.] 1991), reversed in part on other grounds, 843
S.W.2d 572 (1992).

 Accordingly, Officer Smith continued his investigation by approaching the door to room
number 12 and knocking. Anyone, be it law enforcement officer or common citizen, has the right
to approach and knock on the front door of a dwelling with the honest intent of asking questions of
the occupant. See Bower v. State, 769 S.W.2d 887, 897 (Tex. Crim. App. 1989); see also Fontenot,
792 S.W.2d at 253 (noting that nothing in either the federal or state constitutions prevents a police
officer from knocking politely on any closed door). Once Brown opened the door, the smell of
marihuana emanating from his room gave Officer Smith reason to investigate further. The smell
of burning marihuana is sufficient to lead a reasonable officer to believe that an offense is being
committed in his presence. See Sherer v. State, 502 S.W.2d 143, 144 (Tex. Crim. App. 1973); see
also Meredith v. State, 603 S.W.2d 872, 873 (Tex. Crim. App. 1980); Johnson v. State, 481 S.W.2d
864, 866 (Tex. Crim. App. 1972). The investigation was further warranted when Brown admitted
to committing an offense by acknowledging that he had been smoking marihuana.

 Finally, when Officer Smith asked Smith to get off of the bed so that he could check for
weapons, he saw a bag of marihuana in plain view. Because it is not a search to observe that which
is in open view, we conclude that there was no illegal search in this case. See Sherer, 502 S.W.2d
at 144; Fontenot, 792 S.W.2d at 253-54; Leffall, 680 S.W.2d at 685. Therefore, the trial court did
not err in concluding that the evidence seized was not the fruit of an illegal search. See Meredith, 603
S.W.2d at 873.

 The judgment of the trial court is affirmed.

 KAREN ANGELINI

 JUSTICE


DO NOT PUBLISH