## HOWARD ALVIE YOUNG v. STATE

No. 32,088.  June 15, 1960

Motion for Rehearing Overruled October 19, 1960

*Levi Pressly,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction under Sec. (1) of Art. 1147, Vernon's P. C., for aggravated assault upon an officer. Punishment was assessed at a fine of $500 and thirty days in jail.

Attracted by the speed and manner in which appellant was operating his automobile, Reeves, a highway patrolman, started in pursuit and radioed for help. The officer succeeded in stopping appellant, and placed him under arrest for what he termed "suspicion of DWI." At that time, Robuck, another patrolman who had heard and was answering Reeves's radio call, drove up. With some difficulty appellant was placed in the rear seat of Reeves's automobile. Appellant's wife was seated in front with Reeves, who was the driver.

According to the testimony of the officers, appellant attacked Reeves while he was being taken to jail, thereby causing the car to swerve from the roadway into a ditch.

Robuck went to Reeves's aid and as he did so appellant struck him over the left eye, injuring it, knocked off his glasses, broke his watchband, and tore his shirt.

It is for this assault and attack upon Robuck that appellant stands here convicted of assaulting an officer while in the discharge of his official duty.

Appellant gave quite a different version, claiming that he acted in self-defense.

The evidence is deemed sufficient to authorize Reeves to arrest appellant for drunken driving.

Appellant was not on trial for assaulting Reeves. His guilt, then, depends upon whether Robuck was performing an official duty when appellant struck him.

We are constrained to agree that Robuck was assisting Reeves in the arrest of appellant and that he was performing his official duty as a peace officer.

The conclusion is reached that the facts are sufficient to support the conviction.

The judgment is affirmed.