## LOYEL WILLIAMS v. STATE

No. 32,977. February 15, 1961

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge

This is an appeal from an order revoking probation. The record before us reveals that appellant was on May 8, 1959, found guilty of felony theft and sentenced to five years; the execution of such sentence was probated upon condition that he would not violate the laws of this state. On September 16, 1960, application for revocation was filed, alleging that on said day he did make an assault on Charles Hight and also that he committed an aggrevated assault upon Morgan Fuller, who was a constable in the lawful discharge of the duties of his office.

At the hearing, High testified that he was superintendent of the Gregg County Road Department, had stopped at English's store in said county, when appellant approached him complaining about how fast the county trucks were traveling as they passed his house, and informed him that if he (Hight) didn't stop them from going so fast (appellant) would do so and said, "I mean just that." High said that appellant claimed the road over which the trucks were traveling was a private road when he (Hight) knew it to be a public road; that he then called Constable Fuller

and when Fuller arrived appellant "got to cursing" and as he walked up appellant hit him in the face, causing his glasses to cut his face and caved in the side of his nose, which injuries required five days' hospitalization.

On cross examination, he admitted that after appellant hit him he grabbed Fuller's pistol and would have killed appellant if he had not been prevented from doing so.

Fuller testified that he knew appellant and had arrested him on prior occassions; that he was wearing his badge on the occasion in question; that appellant started telling him "about the trucks and the dust;" that he informed appellant that the road over which the trucks were traveling was in Upshur County and out of his jurisdiction; and that he warned appellant not to take the law into his own hands but report the matter to the sheriff of the proper county. He stated that appellant started to leave but stopped and hollered, "I said I will do something about it and I will," and "started circling around" and appellant and Hight went together"; that Hight took his gun but that he got it back from him and informed appellant he was going to have to take him to town; that appellant said, "No, you are not going to carry me to town," and when he tried to put handcuffs on him appellant "jerked back and swung over and caught me across the arm," which caused his watch band to cut his arm. Appellant was finally subdued and brought before the probation officer.

Appelland and his wife testified that it was Hight and not appellant who lost his temper and was the aggressor throughout.

The trial court had the right to disbelieve the testimony of appellant and his witness, and his order indicates that he did.

This review is limited to determining whether the trial judge abused his discretion in revoking probation. Stratmon v. State, 169 Tex. Cr. Rep. 182, 333 S.W. 2d 135.

We find the evidence set forth above to show no abuse of discretion.

The judgment is affirmed.