**William Reekes ADAIR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37887.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied April 28, 1965.

James L. McNees, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Richard M. Berry, Kenneth E. Blassingame and John W. Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a trial before the court without a jury, the appellant was convicted for driving while intoxicated; the punishment, 3 days in jail and a fine of $125.

■ The appellant challenges the sufficiency of the evidence to support the conviction.

Deputy Sheriff Crow testified that about 10:25 P.M., while he was wearing civilian clothes and in an "unmarked" automobile which was stopped facing a red traffic light at a street intersection, one of three persons in a car on his right asked him, "Are you a cop?", and he replied that he was. While testifying, Crow identified the appellant as the driver of the car on his right, and further testified that as they waited for the traffic light to change the appellant placed a beer can to his mouth as if drinking from it; that the woman seated on the front seat with the appellant appeared to have a pint bottle of whiskey in her hand which was about one-half full; and there was a man seated on the left side of the rear seat. When the red traffic light changed, Officer Crow observed the appellant as he drove in an erratic manner for about 8 to 10 blocks, and reported it by radio to the dispatcher.

Deputy Sheriff Abner testified that after receiving a radio dispatch about 10:30 P.M., he observed the appellant driving an automobile along a public street for about one-half block before he (appellant) stopped. He further testified that appellant was unsteady while walking; that his speech was slurred; and that he had a strong odor of alcohol on his breath. The appellant

told Abner that he and his companions had been drinking at home and had come to town to eat. Appellant's wife had a pint bottle partially full of whiskey in her purse. Abner expressed the opinion that the appellant was intoxicated.

The appellant testified that he, his wife and a friend, each drank a can of beer at home about 6:15 P.M., and another can about 8 P.M. After drinking some beer from a third can about 10 P.M., appellant drank a half-jigger, and his wife and friend drank a jigger of whiskey, before they left home going to eat. Taking the third can of beer with him and his wife taking the bottle of whiskey, appellant drove the automobile to a grill. While waiting at a traffic light, the appellant talked with a man in another car who said he was a policeman. During this time, appellant testified that he took a drink from the can of beer, and he also passed the bottle of whiskey to his friend in the rear seat, who, after drinking from it, handed it back and he gave it to his wife. After driving a short distance, the appellant stopped the car at a grill. At this time two officers approached the appellant, told him that they thought he had too much to drink and arrested him. Appellant denied that he was intoxicated when arrested or while he was driving the car from his home to the grill.

Upon a trial by the court after the waiver of a jury, the judge is authorized to accept or reject any or all of the testimony of any witness. He may look to all the evidence in the case, that offered by the state as well as that offered by the appellant, in determining the facts and issues in the case. Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674.

The court resolved the issue of intoxication against the appellant, and the evidence is sufficient to support the conviction. No error appearing, the judgment is affirmed.

Opinion approved by the Court.