**Alfred Ralph STEVENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41173.**

Court of Criminal Appeals of Texas.

April 3, 1968.

Will Gray, Houston, (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Allen McAshan, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for forgery; the punishment, three years.

Trial was before the court, a jury being waived, upon appellant's plea of not guilty.

Three grounds of error are urged by appellant in his brief filed in the trial court.

The first two grounds challenge the sufficiency of the evidence to support the conviction.

The evidence will be briefly summarized.

The witness Norval Walton testified that he was employed by Wagner Hardware, in Palm Center, Harris County. On April 14, 1964, appellant came into the store and purchased a lawn mower for approximately $91.75. In payment therefor appellant gave a check for $100, which he filled out and signed in the presence of the witness. The check was drawn on the Bank of the Southwest and signed "Allen J. Schifani, Jr." At such time, appellant identified himself by both social security and check identification cards under the name of "Allen J. Schifani, Jr."

In the transaction, appellant received approximately $9 in change. The mower was

to be delivered to a certain address given by appellant. Some two days later, the mower was back in the store.

Arthur J. Schifani, upon being called as a witness, testified that he had never before seen the check in question, that the signature thereon was not his, and that he did not have an account in the Bank of the Southwest. He further stated that he did not know anyone by the name of "Allen J. Schifani, Jr.," and that he did not give the appellant or anyone else permission to sign his name to the check.

The witness's wife, Mrs. Rhea Schifani, also testified that she did not know an "Allen J. Schifani, Jr." in Houston and that she did not give anyone permission to write the name of Schifani on a check such as the one in question. She stated, " * * we were the only family here [Houston] with that name," and that a lawn mower was delivered by Wagner Hardware to her home in Houston and since neither she nor her husband purchased the mower she called the store.

Officer S. L. Smith testified that in his investigation of the alleged forgery of the check he was unable to locate anyone by the name of "Allen J. Schifani, Jr." He further testified that the only persons he located by the name of "Schifani" were the witnesses at the trial.

Testifying in his own behalf, appellant denied having written the check in question and swore that he had never been in the hardware store.

It is the state's contention that the name signed to the check was that of a fictitious person.

■ Under the decisions of this court, the signing of a fictitious name to an instrument with intent to defraud may constitute forgery. See: 3 Branch's P.C. 732, 2d Edition, Sec. 1589, and cases there cited.

It is appellant's contention that the evidence fails to show that the name signed to the check was fictitious because of the absence of any proof that "Allen J. Schifani, Jr." did not have an account in the Bank of the Southwest and that the check was not paid. It is also argued that because there was no evidence that the lawn mower was delivered to the address given by the purchaser a reasonable hypothesis existed that, through mistake, it was delivered to the "wrong Schifani" and that Allen J. Schifani, Jr. stopped payment on the draft.

Norris v. State, 115 Tex.Cr.R. 57, 27 S.W. 2d 246, is cited by appellant in support of his contention.

In that case, the court, in reversing the conviction, pointed out that the state did not attempt to prove that no person by the name signed to a check kept an account in the bank or that the check was ever seen by the bank—which, under certain authority, would be prima facie evidence he was a fictitious person, but, instead, the district attorney in his jury argument gave unsworn testimony that he was a fictitious person—which was error.

■ In the instant case, the state did offer testimony of the witnesses which was sufficient to show that the name signed to the check was that of a fictitious person. The ground of error is overruled.

In his third ground of error, appellant insists that he was denied a fair trial because "the learned trial judge rejected without consideration the handwriting specimens introduced by both the State and the Appellant, and decided the issue of Appellant's guilt or innocence solely upon Walton's purported identification of the Appellant as the person who drew the draft in question."

The record reflects that certain specimens of handwriting were introduced in evidence by the state and the appellant and after the evidence was closed the trial judge, in announcing his judgment of guilty in the case, stated:

"I am not a handwriting expert. I have examined this handwriting and, of

course, handwriting may or may not be disguised. But the testimony of the witness, Mr. Walton, is convincing to the Court, beyond a reasonable doubt, that the defendant is guilty of the offense of forgery, as charged in the indictment."

We perceive no error. While sitting without a jury, the court was authorized to accept or reject any or all of the testimony. Walker v. State, Tex.Cr.App., 395 S.W.2d 645. The ground of error is overruled.

The judgment is affirmed.