**Alvin Vernell BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42345.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969,

Charles A. Tucker, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gerald Mackney, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is unlawfully carrying a pistol; the punishment, 75 days in the county jail.

On October 10, 1968, appellant's trial upon his plea of not guilty commenced before the court without a jury.

Appellant's sole contention is that the evidence is insufficient to sustain the conviction.

The record reflects that on May 27, 1968, at approximately 11 a. m. a fight started among some of the students at the Elmore Senior High School in Harris County.

Henry Levingston, a student, related that while he was engaged in the fracas and fighting one Stanley Gibson he saw the appellant pointing a pistol at him; that the appellant raised the pistol and fired "toward the ceiling"; that the appellant then ran outside the building followed by Gibson who was hollering for the appellant to give him the gun.

On cross-examination Levingston testified appellant had the gun when he came to school.

Irvin Griggs, Assistant Principal, related that at the time in question he was in his office when he heard a gunshot; that he left his office to investigate and when he returned, Mr. Dennis Flims, a math instructor, was there, with the appellant and others; that Flims handed him a pistol which he retained until he delivered it to Officer Cockrell a short time later.

While an objection to the same testimony was sustained on direct examination, the following was elicited from Griggs on cross-examination:

"Q. What did Mr. Flims have to do with it?

"A. He got the gun is the only thing I know from James Lott who was covering for Bryant and trying to take it off the campus."

Houston Police Officer Cockrell testified he received a .38 cal. pistol and five bullets from Griggs and they were admitted into evidence without objection.

The 18 year old appellant, who did not testify on the issue of guilt, called witnesses who related he had picked up the pistol from the floor during the fighting just prior to the time he fired the same; that he did not bring the pistol to school with him. His mother testified she searched him before he left for school and he had no weapon.[1]

The court, sitting as a trier of the facts, was the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony and is authorized to accept or reject any or all testimony. Stevens v. State, Tex.Cr.App., 426 S.W.2d 222; 11A Tex.Digest, Criminal Law, ☞553. Cf. Hudson v. State, Tex.Cr.App., 418 S.W. 2d 813.

Considering the facts in the light most favorable to the State, we deem the evi-

---

1. The record reflects the following on cross-examination of appellant's mother:
   "Q. Isn't it rather unusual for a mother to search her son?

   "A. Not to my knowledge knowing children this day, No."

dence clearly sufficient to support the judgment.

In view of the circumstances presented, we conclude that appellant's reliance upon those authorities to the effect that "a temporary holding" is not "carrying" a pistol is misplaced.

The judgment is affirmed.