**Willie James MASON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44496.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

---

John F. Evans, Breckenridge, for appellant.

T. J. Rodgers, Dist. Atty., Graham, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Appellant was originally convicted of assault with intent to murder; a probated sentence of eight (8) years imprisonment was assessed by the trial court. This is an appeal from the order revoking appellant's probation.

In his first three grounds of error appellant's able counsel urges this court to reject the well-established rule recently restated by this court

" * * * that probation may be revoked upon a finding by the court that the terms of probation have been violated and no necessity exists for there first to be a trial and a valid conviction for the offense which is the basis of the revocation [cases cited omitted]." Hall v. State, 452 S.W.2d 490, 493 (Tex.Cr.App. 1970).

This we decline to do. See Balli v. State, 460 S.W.2d 424 (Tex.Cr.App.1970) (concurring opinion); Rosaschi v. State, 471 S.W.2d 840 (Tex.Cr.App.1971); Amaya v. Beto, 424 F.2d 363 (5th Cir. 1970).

Appellant's last ground of error alleges that the trial judge abused his discretion in revoking appellant's probation because the evidence was not sufficient to justify revocation. The record reveals that included in the terms of appellant's probation was the following condition:

" * * * that said defendant, during the term of his probation, shall:

"(1) Commit no offense against the laws of this state or any other state of the United States."

The motion to revoke reads in part as follows:

"That thereafter when the officer located the said defendant, in Breckenridge, Texas, and attempted to arrest him, he put up a fight with the officers, assaulting the Chief of Police, Bob Whitely (sic) by biting him on the arm hear (sic) the shoulder such assault being aggravated in that it was committed upon a police officer while in the course of his official duties."

Officer Freeman testified that while he was in company with Chief Whitley, and armed with an arrest warrant for appellant's arrest, he encountered the appellant. Testimony revealed that subsequent to Freeman's asking the Chief to help in making the arrest, the appellant scuffled with the two officers and bit the Chief twice before he was subdued.

Chief Whitley testified that Freeman asked for his aid and that he was bitten by the appellant. This constituted an aggravated assault, Young v. State, 170 Tex.Cr. R. 159, 338 S.W.2d 720 (1960), in violation of condition one (1) of appellant's probation. A sufficient ground for revocation of appellant's probation was shown. Williams v. State, 170 Tex.Cr.R. 575, 342 S. W.2d 763 (1961).

Appellant's fourth ground of error is overruled.

Finding no abuse of discretion, the judgment is affirmed.