Taylor E. FARMER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44559.

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Bobby H. Caldwell, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William W. Burge, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

The record reflects that on October 3, 1968, appellant plead guilty before the court to the offense of felony theft. The punishment was assessed at four years, but the imposition of the sentence was suspended and appellant was granted probation.

One of the terms and conditions of the probation was that the appellant violate no laws of this State or any other state.

On September 11, 1969, the State filed a motion to revoke probation alleging that the appellant had violated his probationary conditions in that he had violated the laws of this State by committing the offense of assault to murder on or about August 28, 1969.

Appellant raises five complaints, all of which relate to supposed abuse of discretion by the trial court. The first two complaints are general in nature, the first stating that the trial court "committed reversible error in the revoking of the proba-

tion of the appellant." Second, " * * * because such action is not supported by the law and evidence." Number three, " * * * because of a subsequent trial of said cause in which the appellant was found not guilty of the offense of assault to murder on the complaining James Bell Bailey and also that subsequent to said trial, the alleged offense of assault to murder on George H. Lane was dismissed on the motion of the State." Fourth, " * * * because of the conflicting finding between the judge of said court and the revocation hearing and the finding of the jury in the assault to murder case, that a reasonable doubt should exist as to whether or not the defendant violated the conditions of his probation * * *." Fifth, "that the trial court erred in having a hearing on the revocation of probation prior to the trial of the alleged violation."

■ There is only one question before the reviewing court on a revocation of probation and that is: Was there an abuse of discretion by the trial judge in revoking the probation? E.g. Armstrong v. State, 472 S.W.2d 150 (Tex.Cr.App. 1971); Branch v. State, 465 S.W.2d 160 (Tex.Cr. App. 1971); Patton v. State, 450 S.W.2d 856 (Tex.Cr.App. 1970); Pitts v. State, 442 S.W.2d 389 (Tex.Cr.App. 1969). In this case, we find there was not.

■ In a hearing of this type, the trial judge is the trier of the facts and as such can believe those witnesses it chooses to believe and disbelieve those witnesses it chooses not to believe just as a jury can when it is the trier of the facts. e.g. Rhodes v. State, 441 S.W.2d 197 (Tex.Cr. App. 1969); Bryant v. State, 446 S.W.2d 869 (Tex.Cr.App. 1969); Stevens v. State, 426 S.W.2d 222 (Tex.Cr.App. 1968); Walker v. State, 395 S.W.2d 645 (Tex.Cr. App. 1965); Adair v. State, 388 S.W.2d 943 (Tex.Cr.App. 1965).

An adult probation officer of Harris County identified the appellant as a person who had been reporting to him since Au-gust of 1969 in regard to the conviction on October 3, 1968.

■ George H. Lane testified that he was involved in a "fender scraping," with the appellant on the date alleged in the application to revoke probation. He testified that very little damage was done to either vehicle. He drove on and appellant pulled up next to his vehicle and jumped into the back end of his pick-up and threw a pair of pliers through the window of the pick-up at him. He further testified that appellant tried to hit him with a "small jack" and that he stopped his pick-up and a Mr. Bailey drove up. Bailey told appellant, "Go on and leave that boy alone." At which time appellant "stepped back and hit Mr. Bailey on the head with the jack like that (indicating)." The above testimony shows the offense of an assault and battery upon two different persons.

■ An assault is a lesser and included offense of the crime of assault with intent to murder. Art 37.09, Vernon's Ann.C.C. P. Therefore, there being evidence of an assault, the evidence clearly shows a violation of the condition of probation that appellant "commit no offense against the laws of this State."

■ In the last year this Court has written, in cases too numerous to mention, that there is no error in having a hearing on revocation of probation prior to the trial of some alleged violation. It is hard for this writer to understand why attorneys continue to raise this point and never cite any authority or reason why the rule is not sound. It appears to be a waste of the attorney's valuable time, and additional expense to appellants and the State of Texas and a waste of time and effort of the members of the Court.

No abuse of discretion being shown, the judgment is affirmed.

MORRISON, J., not participating.