Rogers CARR, Appellant,

v.

The STATE of Texas, Appellee.

No. 44614.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Holcomb & Norwood, by Weldon Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., and John E. Trube, Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court to the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated. The appellant had made application for probation under the provisions of Article 42.13, Vernon's Ann.C.C.P., authorizing probation in misdemeanor cases. The rendering of judgment and pronouncement of sentence were deferred and the appellant was granted probation on February 13, 1970, for a period of six months.

One of the terms of probation was that the appellant "commit no offense against the laws of this . . . state . . ."

On August 24, 1970, a motion to revoke probation was filed which alleged that "The defendant Rogers Carr has violated the terms of said probation in that the said Rogers Carr, on or about the 22nd day of August A.D., 1970, Smith County, Texas, did drive and operate a motor vehicle upon a public highway while intoxicated and under the influence of intoxicating liquor and that this is a direct violation of the terms and conditions of probation heretofore granted . . ."

After hearing the evidence offered upon a hearing of the motion the trial court entered an order revoking probation, entered judgment and sentenced appellant to serve twenty-four days confinement in the county jail and a fine of $150.00.

The appellant urges that the trial court abused its discretion in revoking probation because "There was no evidence documentary or testimonial that the defendant had been convicted of any criminal offense of any nature, . . ." Appellant urges that probationers should have a full right to a jury trial and that a final conviction be obtained before revocation proceedings could be instituted. He asks that we review and consider prior decisions which do not require a *final conviction* for revocation of probation where it is alleged that the probationer violated the law contrary to the terms of his probation. This we refuse to do and continue in the belief that this question has been well settled by prior authority. See Farmer v. State, 475 S.W. 2d 753 (Tex.Cr.App.1972) and Mason v.

State, 473 S.W.2d 15 (Tex.Cr.App.1971); compare Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971).

There being no abuse of discretion shown in revoking probation, the judgment is affirmed.

Opinion Approved by the Court.