**Oscar James WATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45273.**

Court of Criminal Appeals of Texas.

April 5, 1972.

Banner & McIntosh by Gary C. Dobbs, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant waived a jury trial, filed a motion for probation and entered a plea of guilty before the court to the offense of felony theft on the 4th day of November, 1970. After finding the appellant guilty of felony theft, the court assessed his punishment at five years imprisonment, suspended the imposition of the sentence and placed the appellant on probation.

After a hearing of the State's motion to revoke probation on the 8th day of July, 1971, the Court found the appellant had violated the terms of his probation, that he would "commit no offense against the laws of this . . . state . . ." by committing the offense of misdemeanor shoplifting. An order revoking appellant's probation was entered, he was sentenced and gave notice of appeal.

The appellant urges that the evidence is insufficient to support the court's finding that the appellant committed the offense of shoplifting and that it was an abuse of discretion to revoke probation and sentence the appellant.

The appellant and a companion entered a store together and his companion was observed in the sports clothing department, taking a leather vest which he placed under his coat. Appellant's companion was apprehended upon leaving the store and was found to have the stolen merchandise in his possession.

The appellant had taken a pair of trousers and a knit shirt into a dressing room and tried them on. The appellant then put his own clothes back on over those he had tried on, which belonged to the store. The appellant was observed doing this in the dressing room by the co-manager of the store, who was peering through a peephole above the men's dressing rooms. The appellant then left the dressing room going to another area of the store where he witnessed the store personnel detain and bring his companion back into the store. The store employees approached the appellant and asked him to come to the office. He told them that "he didn't have anything." When he was told that he had been observed, he took off the clothing which had a wholesale value of $12.50.

The appellant testified he had no money with him when he went into the store, but that he did not intend to steal the clothing which he had tried on.

The defense testimony offered by the appellant was before the trial court for its

consideration. The court as the trier of the facts is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. Nalls v. State, 476 S.W.2d 297 (Tex.Cr. App.1972); Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971); Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971); Ellis v. State, 456 S.W.2d 398 (Tex.Cr.App. 1970); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969).

We find the evidence sufficient to sustain the trial court's finding that the appellant violated the term of his probation to commit no offense against the laws of this state, by committing the offense of misdemeanor shoplifting.

There being no abuse of discretion, the order revoking probation and the judgment are affirmed.

Opinion approved by the Court.