John Edgar **MALVEAUX**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 45605.**

Court of Criminal Appeals of Texas.

July 12, 1972.

William Dale Gillam, Victoria, for appellant.

Carl S. Vance, Dist. Atty., James C. Brough and Rick Stover, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court on October 14, 1969, and was adjudged guilty of the offense of robbery by assault, with punishment assessed at ten years imprisonment. Imposition of sentence was suspended and appellant was placed on probation.

On September 24, 1971, a hearing was conducted on the State's amended motion to revoke appellant's probation which alleged that the appellant had violated the condition of his probation that he "commit no offense against the laws of this or any other state or the United States" in that appellant "on or about the 8th day of June, 1971, did commit the offense of Carrying a Pistol . . ." The court, having found that appellant had violated the terms of his probation, entered an order revoking appellant's probation and pronounced sentence.

On June 7, 1971, Officer J. L. Hobson, Houston Police Department, went to the Southern Pacific Railroad Building at the intersection of Franklin and Travis Streets in Houston in response to a police radio dispatch "in regards to an intoxicated male down on the steps." Hobson said that upon arriving at the scene he observed appellant on the steps of the building, apparently asleep. "There was an empty bottle of wine sitting beside him and he had regurgitated all over himself and on his clothes and he was passed out. . . . He smelled of alcohol—a strong odor of alcohol." Officer Hobson testified that his initial attempts at awakening the appellant were unsuccessful. After Hobson "bodily picked [appellant] up . . ." to put him in the police vehicle, appellant "finally got on his feet . . . [and] kind of opened his eyes and half walked along." The officer testified that the appellant, who was having trouble walking, appeared to be intoxicated. As the officer tried to put appellant in the car the appellant "slumped over in the seat * * * halfway in the car and about half out." Officer Hobson testified that when the appellant was "slumped over . . . the butt of a pistol was sticking out of his back pocket."

Under the circumstances shown, the officer had good reason to believe and did believe that appellant was intoxicated in a public place. He had the right and the duty to arrest the appellant. Cook v. State, 155 Tex.Cr.R. 580, 238 S.W.2d 200 (1951); King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501 (1958); Henderson v. State, 422 S.W.2d 175 (Tex.Cr.App.1967) and Gorrell v. State, 468 S.W.2d 95 (Tex.Cr.App.1971).

While performing his duties, Officer Hobson observed the pistol protruding from appellant's pocket. The carrying of the pistol by the appellant was a violation of Article 483, Vernon's Ann.P.C., and consequently a violation of the conditions of probation.

The appellant's contention that probation should not be revoked without

a jury trial is without merit; Article 42.12 § 8, Vernon's Ann.C.C.P.; Hood v. State, 458 S.W.2d 662 (Tex.Cr.App.1970); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr. App.1969); Shelby v. State, 434 S.W.2d 871 (Tex.Cr.App.1968); Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774 (1951), as is his contention that probation should not be revoked until he was finally convicted of the offense of unlawfully carrying a pistol. Carr v. State, 476 S.W.2d 329 (Tex.Cr.App.1972); Bennett v. State, 476 S.W.2d 281 (Tex.Cr.App.1972); Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App. 1972); Hall v. State, 452 S.W.2d 490 (Tex. Cr.App.1970). We have examined each of appellant's other contentions, including the alleged unreasonable search and seizure and find them without merit.

No abuse of discretion in the revocation of appellant's probation has been shown.

The judgment is affirmed.

Opinion approved by the Court.