**Michael Ordell OLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45578.**

Court of Criminal Appeals of Texas.

July 12, 1972.

Guy H. McNeely, Wichita Falls (by Court appointment), for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court on November 17, 1970, and was adjudged guilty of the offense of felony theft with punishment assessed at five years imprisonment. Imposition of sentence was suspended and the appellant was placed on probation.

On July 22, 1971, a hearing was conducted on the State's motion to revoke probation, which alleged that the appellant had violated the condition of his probation that he "commit no offense against the laws of this state . . ." in that the appellant "committed the offense of assault with intent to kill on the 19th day of February, 1971, in Wichita Falls, Wichita County, Texas." The court found that the appellant had violated the terms of pro-

bation and entered an order revoking his probation and pronounced sentence on August 27, 1971.

The appellant's contention is that there was an abuse of discretion in revoking probation before there was a final conviction for the offense which is the basis of the revocation. The law is well established contrary to the contention of the appellant. Malveaux v. State, 482 S.W.2d 872 (Tex. Cr.App.1972); Carr v. State, 476 S.W.2d 329 (Tex.Cr.App.1972); Bennett v. State, 476 S.W.2d 281 (Tex.Cr.App.1972); Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App. 1972); Mason v. State, 473 S.W.2d 15 (Tex.Cr.App.1971), and Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970).

The evidence shows that the appellant attacked Benito Rangel with "a board about one inch thick, four inches wide and about three feet long." Rangel was hospitalized for about one month for treatment of head injuries received as a result of the attack.

We find no abuse of discretion in the revocation of probation.

The judgment is affirmed.

Opinion approved by the Court.