John R. GUILLORY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45866.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 13, 1972.

C. Bruce Stratton, of Stratton & Taylor, Liberty, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant, after a plea of guilty, was found guilty of the felony offense of driving a motor vehicle while intoxicated on a public highway, he having a prior misdemeanor conviction for the same offense. The punishment was assessed at two years imprisonment and on the 7th day of July, 1969, the imposition of sentence was suspended and the appellant was placed on probation.

On February 5, 1971, after a hearing on the State's motion to revoke probation, the appellant was found to have violated the condition of probation that he would commit no offense against the laws of this state and sentence was imposed.

The allegations of the State's motion for revocation of probation were that:

"1. The said Joseph R. Guillory, on or about the 26th day of February, 1970, in the County of Chambers, State of Texas, did get drunk in a public place there situate, to-wit: Bennett's Gulf Service Station, a place where people did then and there resort for purposes of business, and the said Joseph R. Guillory was then and there found in a state of intoxication in said public place.

and,

"2. The said Joseph R. Guillory, on or about the 26th day of February, 1970, in the County of Chambers, State of Texas, did then and there unlawfully, while intoxicated and while under the influence of intoxicating liquor, drive a

motor vehicle upon a public highway within said County and within said State. And prior to the commission of the aforesaid offense of driving a motor vehicle while intoxicated and while under the influence of intoxicating liquor, upon a public highway within said county, he, the said Joseph R. Guillory was duly and legally tried on, to-wit, the 26th day of March, 1964, upon an Information charging an offense of like character then and there legally pending against him in the County Court of Liberty County, Texas, and which said Court then and there had jurisdiction of said case, the same being numbered 12,006 upon the docket of said Court, and entitled The State of Texas vs. Joseph R. Guillory, who was tried and convicted in said cause upon the 26th day of March, 1964, of an offense of a like character as that hereinbefore alleged against him in and by this he having been convicted in said cause of the offense of driving a motor vehicle upon a public highway within Liberty County, Texas, while intoxicated and while under the influence of intoxicating liquor, and after said misdemeanor conviction and judgment thereon had became final against him, he committed this offense."

Appellant's counsel, in an exhaustive, 139 page brief, raises and earnestly argues 21 separate contentions for the reversal of this case. He urges that the State did not meet the burden of proof required and challenges the sufficiency of the evidence to sustain the trial court's findings and the order revoking probation.

■ It is to be remembered that the appellate court does not resolve the conflicts in the testimony such as those argued in the appellant's brief. The conflicts of the testimony are resolved by the trier of the facts. The trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject all or any part of the witnesses' testimony. Watkins v. State, 478 S.W.2d 473 (Tex.Cr.App.1972); Branch v. State, 477 S.W.2d 893 (Tex.Cr.App.1972); Nalls v. State, 476 S.W.2d 279 (Tex.Cr.App.1972).

The evidence in support of the court's order revoking probation shows that an attendant at a service station testified that the appellant drove into the station at approximately 1:00 a. m. on February 26, 1970. The attendant filled the car's tank with $7.00 worth of gasoline. The appellant then contended that he had asked for only $2.00 worth of gasoline. He paid the attendant $2.00 and told him to put the balance of $5.00 on the appellant's bill. The appellant was told that his credit had been terminated. The attendant called the Sheriff's Office, reporting a disturbance because of his difficulty with appellant. The appellant's car would not start when he wanted to leave the service station, apparently because of a weak battery. The attendant would not assist the appellant until he was paid $5.00. The appellant then gave the attendant the $5.00. After receiving assistance in starting the car, the appellant drove away. The attendant testified that in his opinion the appellant was drunk at the time. The attendant testified that appellant "spoke with a thick tongue and kind of slurred his language—couldn't hardly understand him at all." He said the appellant's eyes were "bloodshot" and he was "lying back in the seat."

A witness, who had been employed as a deputy sheriff, testified that while so employed, on February 26, 1970, during the early morning, he had received a disturbance call and a report concerning a particular vehicle. He ascertained that the registered owner of the vehicle was the appellant. He knew where the appellant lived and parked the patrol car on the road where he could observe the appellant's residence. After a time he observed the appellant, in his car, make a wide turn, weave down the road toward his residence and drive up into the driveway.

The officer then drove up in front of the appellant's house. By this time the appellant had entered the house and the officer knocked on the door. The appellant came out of the house and after a brief conversation the officer determined that the appellant had had too much to drink and placed him under arrest "on a D.W.I. charge." The officer said that he smelled the odor of an alcoholic beverage on the appellant's breath. He helped the appellant, who was "limber legged," so he would not fall down the stairs at his house and again as they were walking down the steps to the jail. The appellant did not "speak too plain but he was thick tongued and I had to ask him several times what he said —". In the officer's opinion the appellant was intoxicated.

The appellant denied he was intoxicated but admitted he had drunk three bottles of beer that evening while shooting pool.

▮ The evidence is sufficient to sustain the court's specific findings recited in the order revoking probation that "(1) Joseph R. Guillory was drunk in a public place in Chambers County, Texas, on February 26, 1970, and (2) Joseph R. Guillory drove and operated a motor vehicle upon a public highway while intoxicated in Chambers County, Texas, on February 26, 1970, subsequent offense."[1] No abuse of discretion is shown. In Kelly v. State, 483 S. W.2d 467 (Tex.Cr.App.1972), this court, with Presiding Judge Onion dissenting, held that proof of the violation of conditions of probation need not be shown beyond a reasonable doubt.

▮ The appellant makes several related assertions that his constitutional rights were violated because the motion to revoke probation was filed and heard after the appellant had been indicted but before he was tried for the alleged offense, growing out

of the same facts made the basis of the motion for revoking probation. The appellant urges that he was entitled to a jury trial on the indictment and that the State was collaterally estopped from proceeding with the motion to revoke probation on the same facts. This contention has been rejected on numerous occasions by this court. See Oliver v. State, 482 S.W.2d 874 (Tex. Cr.App.1972); Malveaux v. State, 482 S. W.2d 872 (Tex.Cr.App.1972); Carr v. State, 476 S.W.2d 329 (Tex.Cr.App.1972); Bennett v. State, 476 S.W.2d 281 (Tex.Cr. App.1972); Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972); Mason v. State, 473 S.W.2d 15 (Tex.Cr.App.1971); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970); Dunn v. State, 159 Tex.Cr.R. 520, 265 S. W.2d 589 (1954).

▮ The appellant contends that the deputy sheriff's testimony was inadmissible because the arrest of the appellant was unlawful and because "the appellant was not properly advised of his rights pursuant to arrest."

The appellant here again argues and relies upon disputed facts which have been resolved against him in the trial court.

It would appear that there was sufficient probable cause for the warrantless arrest of the appellant as the officer reasonably believed that the appellant had committed the offense of driving a motor vehicle upon a public highway while intoxicated in the officer's presence. In any event, the officer only testified to what he observed and the manner of the appellant's speech. We do not find that the trial court should have excluded and not considered the testimony of the deputy sheriff.

Finding no abuse of discretion in the revocation of appellant's probation, the judgment is affirmed.

Opinion approved by the Court.

[1]. The practice of reciting specific findings in orders revoking probation as was done here should be followed. Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App. 1972).