Willard Cole ROBERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45741.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike G. McCollum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court on April 2, 1971, and was adjudged guilty of the offense of robbery, with punishment assessed at ten years. Imposition of the sentence was suspended and the appellant was placed on probation.

On October 22, 1971, the court heard the State's motion to revoke probation, found that the appellant had violated the conditions of his probation that he would "commit no offense against the laws of this or any other state . . . " and "remain within . . . Dallas County, Texas." An order revoking probation was entered and the appellant was sentenced.

The appellant contends that the evidence is insufficient to sustain a finding of the violation of either of the above conditions and thus the court abused his discretion in revoking probation.

Officer Boyd testified that he and another officer "had a warrant on the subject for a probation violation" and went to Palestine where the appellant was in the custody of the sheriff and returned the appellant to Dallas. Charles J. Pierce, appellant's probation officer, testified that permission was not given to appellant to leave Dallas County. There was testimony admitted without objection that appellant said he was visiting relatives in Palestine prior to his arrest.

The appellant testified he went to sleep in a car and when he awoke and discovered that the car had left Dallas, he asked the driver to return to Dallas. Appellant, in his testimony, admitted he was in Palestine.

The court, as the trier of the facts, is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject any or all of a witness's testimony. Watkins v. State, 478 S.W.2d 473 (Tex.Cr.App.1972); Nalls v. State, 476 S.W.2d 297 (Tex.Cr.App.1972).

The evidence was sufficient to support the court's finding that appellant was ab-

sent from Dallas County without permission,[1] however, it is doubtful that the State's allegation that "subject was arrested in Anderson County driving a stolen automobile" is sufficient to give notice of violation of the condition that appellant "commit no offense against the laws of this or any other state . . . " See Burkett and Rogers v. State, 485 S.W.2d 578 (1972); Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971); Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968); cf. Vance v. State, 485 S.W.2d 580 (1972). If the latter allegation is sufficient, there is insufficient evidence in the record to support that allegation.

There being sufficient evidence that appellant was absent from Dallas County, Texas, without permission, the court did not abuse his discretion in revoking probation and the judgment is affirmed.

Opinion approved by the Court.

1. We take judicial notice that Palestine is the county seat of Anderson County, Texas, and not in Dallas County in light of the total absence of such proof by the State.