Joseph CAUDILLO et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 52766.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

H. Thomas Hirsch, Odessa, on appeal only, for appellants.

Steve W. Simmons, Dist. Atty., and James C. Butts, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a final judgment forfeiting an appearance or bail bond in the sum of $2,500.

The record reflects that on August 23, 1975, Joseph Caudillo was charged by indictment with aggravated rape. On that date he was released on a $2,500 bail bond with Odell and Thedis Walker as sureties. On November 20, 1975, the principal on the bond, Caudillo, failed to appear for a pretrial hearing in district court. The bond was ordered forfeited. A judgment nisi was formally entered on December 16, 1975. On February 23, 1976, a hearing was held to determine why the judgment of forfeiture should not be made final. At the conclusion of the hearing, a final judgment was ordered, which was formally signed April 23, 1976.

Appellants' first contention is that the court erred in entering a final judgment "for the reason that there was no evidence that the defendant or his attorney or the sureties ever received notice of the November 20, 1975, pre-trial hearing."

Article 22.13, Vernon's Ann.C.C.P., provides that certain causes, "and no other" will exonerate the defendant-principal and his sureties, if any, from liability upon the forfeiture taken. Appellant apparently relies upon § 3 thereof, which provides in part:

"3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. . . . "

Appellants contend that since the principal, sureties, etc., did not receive notice of the setting that this was an uncontrollable circumstance which prevented the principal's appearance.

The bail bond here involved required the principal to appear instanter in the court in which he was indicted "and there remain from day to day and term to term of said Court, until discharged by due course of law, then and there to answer said accusation and any and all subsequent proceedings had relative to the charge against him, this obligation shall become void; otherwise to remain in full force and effect."

In *International Fidelity Insurance Company v. State*, 495 S.W.2d 240 (Tex.Cr.App. 1973), we held a similar worded bond met the requisites of Article 17.08, § 5, Vernon's Ann.C.C.P., so as to give the principal notice as to when to appear, and thus, the principal there had not shown an uncontrollable circumstance which prevented his appearance. We likewise hold in the instant case. Further, the testimony of the principal Caudillo at the hearing on February 23, 1976, reflected that he knew of the November 20, 1975, setting and had discussed the setting with one of his attorneys prior thereto. Another of the principal's attorneys did testify that he did not have knowledge of the November 20th setting, but the

court was the trier of the facts and could believe or reject testimony as it chose. *Beck v. State,* 492 S.W.2d 536 (Tex.Cr.App. 1973); *Farmer v. State,* 475 S.W.2d 753 (Tex.Cr.App.1972). Under any circumstances, the principal was shown to have knowledge of the setting and we cannot conclude the appellants have shown an uncontrollable circumstance which prevented his appearance in court.[1]

Lastly appellants contend the trial court erred in entering the final judgment because the nature of the hearing contemplated by the court on November 20, 1975, was not such a hearing that required the appearance of the accused (principal) under the provisions of the Code of Criminal Procedure. The record shows the case was set for a pre-trial hearing and Article 28.01, Vernon's Ann.C.C.P., requires the appearance of the defendant at such hearings. Appellants rely upon the testimony of one of the principal's attorneys that an earlier setting for pre-trial hearing on November 4, 1975, was for the purpose of obtaining the District Attorney's recommendation and advising the principal that his attorneys had seen the District Attorney's file. They argue that since the hearing was not held on November 4th, therefore the same purposes prevailed for the November 20th setting, and such purposes do not fall under the purview of Article 28.01, Vernon's Ann.C. C.P. There is no other testimony to show that the pre-trial hearing was to be so limited and we further observe that the inspection of the District Attorney's file, etc., are matters relating to discovery contemplated by Article 28.01, § 1(8), supra. The contention is overruled.

The judgment is affirmed.

---

1. The principal did testify that about October 3, 1975, he cut the tendon in his index finger which required extensive sutures and his arm was placed in a cast. He related he took pain pills for some time. He acknowledged, however, that he was not immobile and went to work every day though he was not able to do much work. We do not find that appellants are urging this injury as an uncontrollable circumstance which prevented the principal's appearance.