**Affirmed as Modified and Memorandum Opinion filed February 16, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00146-CR

**ANTHONY WAYNE HACKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1278073**

## M E M O R A N D U M   O P I N I O N

In two issues, appellant, Anthony Wayne Hacker, contends (1) the evidence is insufficient to support the trial court's adjudication of his guilt and (2) the trial court's judgment should be modified. We modify the judgment and affirm as modified.

### I.  BACKGROUND

In 2010, appellant pleaded "guilty" to aggravated assault of a family member, his wife, and was placed on deferred-adjudication community supervision for a two-year period. One month later, the State filed a motion to adjudicate, alleging appellant violated the terms of his community supervision by having contact with his wife. The

trial court found that appellant engaged in prohibited contact with his wife, adjudicated guilt, and sentenced appellant to four years' imprisonment.

## II.  ADJUDICATION OF GUILT

In his first issue, appellant contends the evidence is insufficient to support adjudication of guilt based on his alleged probation violation.

## A.  Standard of Review

The trial court's decision to adjudicate guilt on the original charge "is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article [revocation of community supervision] in a case in which an adjudication of guilt had not been deferred."  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011). Accordingly, we review the trial court's order for abuse of discretion.  *See Forrest v. State*, 805 S.W.2d 462, 464 & n.2 (Tex. Crim. App. 1991).

The trial court's order must be supported by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  The State has the burden of proving the alleged violations.  *Id.*  Violation of a single condition of community supervision will support the trial court's decision to adjudicate guilt.  *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

We consider the evidence presented, and indulge all reasonable inferences arising from the evidence, in the light most favorable to the trial court's decision.  *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Reasor v. State*, 281 S.W.3d 129, 131 (Tex. App.—San Antonio 2008, pet. ref'd).  The trial court is the sole fact finder and exclusive judge of witness credibility and weight to be given testimony. *Garrett*, 619 S.W.2d at 174.  The trial court resolves conflicts in the evidence and may choose to believe or disbelieve any or all of a witness's testimony.  *Farmer v. State*, 475 S.W.2d 753, 754 (Tex. Crim. App. 1972); *McCullough v. State*, 710 S.W.2d 142, 145 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd).

**B. Analysis**

In its motion to adjudicate guilt, the State alleged that appellant violated the following condition of his community supervision: "You are not to contact the complainant, [appellant's wife], in person, in writing, by telephone, via the internet, a third party or [by] any other means for any reason except as specifically permitted by the Court. YOU MAY SPEAK TO HER VIA TELEPHONE ONLY FOR THE PURPOSE OF CHILD CUSTODY ISSUES."

On December 2, 2010, appellant was released from jail, and community supervision was initiated. Appellant's probation officer, Jennifer Turner, provided the following testimony regarding appellant's conduct. On December 15, 2010, appellant completed documentation pertaining to his community supervision. Appellant initially noted on the forms that he was residing at his wife's residence but "crossed out" the address and wrote his brother's address. On January 3, 2011, appellant met with Officer Turner and relayed the following:

> [appellant] has not physically seen his wife, he talked to her on a daily basis about his children, who would pick them up from school and they would arrange a time for him to pick the children up at school and then bring them home. At that point he would stay with them at his wife's residence until she would call him and say, I'm on my way home, then he would leave at that time.

Additionally, appellant informed Officer Turner that (1) he kept only a change of clothes and a toothbrush at his brother's residence and his other belongings were at his wife's residence, (2) since being released from jail on December 2, he had been staying at his wife's residence while she was at work, and (3) he had occasionally spent the night at his wife's residence when she worked a night shift. However, Officer Turner admitted that she did not know whether appellant was ever at his wife's residence when his wife was present.

Appellant and his wife testified that during the term of community supervision, they never had physical contact and spoke by telephone regarding only child care issues.

3

Contrary to the probation officer's testimony, appellant and his wife testified that half of appellant's belongings had been moved to his brother's residence. They also denied that appellant visited his wife's residence at any time between December 2 and December 23. Additionally, appellant explained that he initially listed his wife's residence on the probation paperwork out of "force of habit," not because he actually lived there.

The trial court concluded the evidence supported that appellant violated the terms of his community supervision. Specifically, the court commented,

> My order to [appellant] was only concerning child custody and it was restricted very closely to that because I was concerned that in this circumstance [appellant] would immediately step back into the role, and I think the evidence does show that he violated the terms by continual phone conversations on everything and violation of my direct order to him.
>
> In addition to, although it's not an alleged violation of protective order that also goes to the credibility of where he was living, he told the officer that he had only one change of clothes. You don't live where you have one change of clothes.

We conclude the evidence is sufficient to support a finding that appellant engaged in prohibited contact with his wife. At the conclusion of the hearing, the trial court expressly noted that it resolved conflicts in the testimony in the probation officer's favor. *See Farmer*, 475 S.W.2d at 754. The fact appellant kept most of his belongings at his wife's residence and initially listed her residence as his own supports a finding that he had been living there. Additionally, the evidence supports a finding that appellant and his wife were attempting to conceal evidence. Specifically, although appellant told Officer Turner that he began visiting his wife's residence on December 2 and most of his belongings remained there, appellant and his wife testified that half of his belongings had been moved to his brother's residence and he did not visit his wife's residence until December 23. Considering this evidence in the light most favorable to the trial court's ruling, we conclude the trial court could have reasonably concluded appellant had been living at his wife's residence for some duration while on community supervision. Having found that appellant was living at his wife's residence, the trial court could have

4

reasonably concluded appellant was in prohibited physical contact with his wife. In other words, because appellant was living in the same residence as his wife, it is reasonable to infer they came into contact with each other. Accordingly, we hold the trial court did not err by adjudicating guilt on appellant's original charge. *See Forrest*, 805 S.W.2d at 464. Appellant's first issue is overruled.

In his second issue, appellant requests that we modify the trial court's judgment because the trial court incorrectly noted (1) appellant pleaded "true" to the allegations raised by the State in its motion to adjudicate guilt and (2) a plea bargain existed. We have the authority to modify a trial court's judgment and affirm it as modified. Tex. R. App. P. 43.2(b); *Storr v. State*, 126 S.W.3d 647, 654–55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

The record reflects, and the State agrees, that appellant pleaded "not true" to the allegations in the State's motion to adjudicate guilt. Additionally, the record demonstrates there was no plea bargain relative to the State's motion because (1) the trial court noted on the certificate of appealability that this is "not a plea-bargain case" and (2) the prosecutor argued at the hearing, "State's offer in this case had been for four years and after hearing [appellant] testify, I would ask for even more than that." Accordingly, we modify the judgment to reflect (1) "Not True" in that portion of the judgment entitled "Plea to Motion to Adjudicate" and (2) "None" in that portion of the judgment entitled "Terms of Plea Bargain." We affirm the judgment as modified.


/s/     Charles W. Seymore
        Justice


Panel consists of Justices Frost, Seymore, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).


5