

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00148-CR

Raymond **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR10065 / 2012SF00047
Honorable Mary D. Roman, Judge Presiding

Opinion by:      Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Jason Pulliam, Justice

Delivered and Filed:  December 23, 2015

AFFIRMED

Appellant Raymond Martinez appeals the trial court's final judgment forfeiting an appearance bail bond in the sum of $20,000. Martinez presents two issues on appeal: (1) whether a defendant must be given notice of an individual court setting as a precursor to bond forfeiture; and (2) whether failure of the trial court to provide notice of an individual court setting exonerates a surety of his liability under an appearance bail bond. The trial court's judgment is affirmed.

## PROCEDURAL BACKGROUND

On October 15, 2010, defendant Jose Beltran was released on a bond of $20,000 with Martinez as the surety. Martinez also served as Beltran's attorney. Beltran appeared at several court settings in 2010 and 2011. On November 1, 2011, Beltran appeared and accepted a plea bargain from the State. Beltran entered a plea before the court at that court setting. Beltran's sentencing was delayed until December 5, 2011, to allow for preparation of a pre-sentence investigation. On December 5, 2011, Beltran appeared for sentencing, but the trial court cancelled its docket that day. The trial court did not provide a reset form or a future sentencing date at that time.

Martinez received a phone call the following week from the court coordinator informing him Beltran's sentencing had been reset for January 9, 2012. Beltran did not appear for the sentencing hearing on January 9, 2012. On February 13, 2012, the trial court entered judgment nisi pending a showing of good cause against Beltran, as principal, and Martinez, as surety, for Beltran's failure to appear for the sentencing hearing.

The trial court held a bond forfeiture hearing on September 17, 2014, at which time Beltran had been a fugitive for over two years. The trial court ultimately forfeited the bond on February 17, 2015, and entered judgment for $20,000 plus court costs.

## STANDARD OF REVIEW

Although bond forfeiture proceedings are criminal cases, appellate review of bond forfeiture proceedings is governed by civil law, including the standard of review. TEX. CODE CRIM. PROC. ANN. art. 44.44 (West 2006). In a trial to the court where no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996); *In re Estate of Rhea*, 257 S.W.3d 787, 790 (Tex. App.—Fort Worth 2008, no pet.). The judgment must be affirmed if

it can be upheld on any legal theory that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

## ANALYSIS

Martinez first contends the trial court erred by entering a final judgment because the defendant, Beltran, did not receive actual notice of the January 9, 2012, sentencing hearing. Martinez then argues if actual notice of the January 9, 2012, hearing is not required, the bail bond itself is void as unconstitutional and therefore invalid under Texas Code of Criminal Procedure Article 22.13, section (a)(1).

### Applicable Law

In a bail bond forfeiture, the State has the burden of proof. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007). "The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Id.* (quoting *Alvarez v. State*, 861 S.W.2d 878, 880-81 (Tex. Crim. App. 1992)). A judgment nisi is prima facie proof that the statutory requirements have been satisfied, and once a prima facie case has been established, the defendant must then prove that one of the statutory requirements of the judgment nisi has not been satisfied or prove one of the affirmative defenses specified by statute. *Alvarez v. State*, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992); *see Casteneda v. State*, 138 S.W.3d 304, 323 (Tex. Crim. App. 2004) (op. on reh'g).

Article 22.13 provides certain causes, "and no other," will exonerate the defendant-principal and his surety from liability upon the forfeiture taken. *See* TEX. CODE CRIM. PROC. ANN. art. 22.13 (West 2009). The statutory defenses are affirmative defenses because the principal and surety have the burden of proof by a preponderance of the evidence. *See Castaneda*, 138 S.W.3d at 323.

*Issue One: Uncontrollable Circumstance*

This court interprets Martinez's argument as an assertion of the "uncontrollable circumstance" defense that because Beltran did not receive actual notice of the sentencing setting, and Beltran was, therefore, prevented from appearing. To prevail on the statutory defense pursuant to Article 22.13(a)(3), Martinez must prove that (1) some uncontrollable circumstance prevented Beltran's appearance; (2) Beltran's failure to appear arose through no fault of his own; and (3) Beltran appeared before final judgment to answer the accusation against him or had sufficient cause for not appearing. *Casteneda*, 138 S.W.3d at 323; *see* TEX. CODE CRIM. PROC. ANN. art. 22.13(a)(3) (West 2009).

In the forfeiture proceeding, the State introduced two exhibits: the judgment nisi and the bond itself. Because the State established a prima facie case, and the statutory requirements were satisfied, the burden then shifted to Martinez to prove a statutory defense.

The record reflects the district clerk's office did not mail a notification with the date for the next court setting to Beltran or Martinez, nor was Beltran contacted directly by the clerk's office by phone. Martinez was notified of the court setting by the court coordinator via a phone call. Martinez testified the court coordinator told him it was Martinez's responsibility to "try to track [Beltran] down and get him here." Martinez testified he attempted to contact Beltran directly but was not able to so. Martinez did speak with Beltran's mother and left messages with her. According to Martinez, he had not been concerned because Beltran had already appeared many times.

The record reflects Martinez filed an affidavit of surrender on December 20, 2011, in which he stated Beltran failed to comply with the reporting conditions of his bond. The affidavit "anticipates that a warrant of arrest will be issued for" Beltran. Following Beltran's failure to appear on January 9, 2012, the trial court continued the case several times. According to testimony

at the forfeiture hearing, it was hoped Beltran would appear of his own accord or be arrested. During the forfeiture hearing, Martinez stated he believed Beltran had gone to Mexico.

The bail bond in this case required Beltran to appear instanter in the 175th District Court or any court to which his case may be transferred "and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect." In *Caudillo v. State*, the Texas Court of Criminal Appeals addressed a similar situation. *See Caudillo v. State*, 541 S.W.2d 617, 618 (Tex. Crim. App. 1976). In that case, the appellants argued the trial court erred when it entered a final judgment in a bond forfeiture because "there was no evidence that the defendant or his attorney or the sureties ever received notice" of the hearing. *Id*. The Court of Criminal Appeals held the *Caudillo* bail bond, which mirrors the language of the bail bond in this case, gave the defendant notice as to when to appear and found there was no requirement the defendant be given separate notice of hearings. *Id*. The Court of Criminal Appeals relied on this same reasoning when evaluating an appeal regarding convictions for bail jumping and failure to appear. *See Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983). In *Euziere*, the court noted the appellant had been held under an almost identical bail bond and held that the "instanter" language provided the appellant with sufficient and proper notice. *Id*. Thus, following *Caudillo* and *Euziere*, the trial court in this case was not required to provide Beltran with separate notice of the sentencing hearing, and the lack of such notice is not an uncontrollable circumstance.

Further, Martinez does not meet the remaining statutory requirements of an uncontrollable circumstance under Article 22.13(a)(3). From the evidence, the trial court could find Beltran intentionally absented himself; Martinez has not shown that Beltran's failure to appear was through

no fault of his own. Finally, Beltran did not appear to answer the accusation against him. Nor did Martinez show Beltran had sufficient cause for not appearing.

Accordingly, Martinez's first issue is overruled.

### *Issue 2: Invalid Bond*

In his second issue, Martinez argues if actual notice of the sentencing setting was not required, the bail bond itself was void as unconstitutional and therefore invalid under Article 22.13(a)(1).

Article 22.13(a)(1) provides that a surety will be exonerated from liability if "the bond is, for any cause, not a valid and binding undertaking in law." TEX. CODE CRIM. PROC. ANN. art. 22.13(a)(1) (West 2009). Article 17.08, which lists the requisites of a bail bond, states in part:

> A bail bond must contain the following requisites: …
>
> 5. That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate …

TEX. CODE CRIM. PROC. ANN. art. 17.08, sec. 5 (West 2015).

In *International Fidelity Ins. Co. v. State*, the Court of Criminal Appeals held that another bond, which was similarly worded to the bond in this case, met the requirements of Article 17.08, section 5, so as to give the principal notice as to when to appear. *See International Fidelity Ins. Co. v. State*, 495 S.W.2d 240, 241 (Tex. Crim. App. 1973). A review of the bond in this case shows it also meets the Article 17.08 notice requirements of a valid bond. As discussed above, the bond in this case required Beltran to appear instanter in the 175th District Court or any court to which his case may be transferred.

Martinez's second issue is overruled.

**CONCLUSION**

Accordingly, the judgment of the trial court is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH